EASON v. DORTCH.

(Filed October 18, 1904).

MORTGAGES — *Foreclosure—Trusts—Executors and Administrators—The Code, sec. 1276—Acts 1901, ch. 186.*

> The executor of a trustee in a deed of trust has no power to sell the property conveyed therein, in the absence of a request so to do by one of the *cestuis que trust.*

ACTION by F. P. Eason and others against I. F. Dortch and others, heard by *Judge M. H. Justice,* at February Term, 1904, of the Superior Court of GREENE County. From a judgment for the defendant the plaintiff Eason appealed.

*L. V. Morrill* and *G. M. Lindsay,* for the plaintiff.
*L. I. Moore,* for the defendant.

CLARK, C. J. This is an action for an injunction to prevent a sale of the land of the plaintiffs, which would cast a cloud upon their title. Omitting details unnecessary to the point upon which we place our decision, a deed in trust had been executed upon said land with a power of sale, W. T. Dortch being named as the trustee. Subsequent to the death of the trustee, his executor, the defendant Isaac F. Dortch, has advertised the land for sale by virtue of said power of sale in said deed of trust. In an affidavit filed in this cause by said Dortch he admits that he has not been requested, in writing or otherwise, by any of the *cestuis que trustent* in said deed to advertise the land for sale and has not had any correspondence or communication for years with either of them. Thereupon the injunction was continued to the hearing, and upon appeal that order was affirmed by a *per curiam. Eason v. Dortch,* 134 N. C., 753. At the hearing it does not

appear that there was any additional evidence to the admissions in the pleadings and affidavits previously filed, but the Judge sustained a demurrer to the evidence and rendered judgment as of nonsuit against the plaintiffs. Prior to chapter 186, Acts 1901, amending section 1276 of The Code, the personal representative of a deceased trustee in a deed of trust to secure a debt had no power to execute the same, and that act, while conferring such power, contains this restriction: "Provided that the administrator or executor of a trustee shall not execute the powers conferred by this act except upon the written request of any creditor secured in or by the deed of trust." There was no evidence or finding of fact contrary to the above affidavit in the cause filed by the defendant Dortch. The injunction was erroneously dissolved, and in rendering the judgment of nonsuit there was

Error.

MONTGOMERY, J., concurring. I concur in the opinion of the Court in its conclusion that the defendant Dortch should have been enjoined from making sale of the property advertised by him. In his answer he did not aver that he had been requested, in writing, by the *cestuis que trust,* the other defendants, to make the sale. In fact, in an affidavit filed in the cause, he admitted that he had not received instructions to make the sale. Our statute (Acts 1901, chap. 186) requires such written instructions and request as a condition precedent to the sale. But that was not the main point in the case, and I desire to express my views upon what I regard the real question raised by the appeal in addition to the matter decided by the Court.

This action was brought under chapter 6 of the Acts of 1893 for the purpose of having determined and settled an adverse claim of the defendants to a certain piece of land now in the possession of the plaintiffs and claimed as their

property. The defendants, William R. Devries, Devries, Young & Co. and W. R. Devries & Co., who, according to the allegations of the complaint, are setting up an adverse claim to the property, failed to put in an answer to the complaint.

The Act of 1893 (chap. 6) provides that if the defendant in such an action "disclaims in his answer any interest or estate in the property, or suffer judgment to be taken against him without answer, the plaintiff cannot recover costs." Therefore the plaintiffs here, because the defendants failed to answer, are entitled to a judgment, either final as of *pro confesso,* or interlocutory by default and inquiry, but without recovering their costs. At the proper time the plaintiffs moved before the Court below for final judgment against the defendants above named for want of an answer on their part and the motion was denied. I am of the opinion that such a judgment should have been rendered. This view I am aware is in conflict with the case of *Junge v. McKnight,* 135 N. C., 105, and I am glad to have an opportunity to say that the decision there was erroneous. The Judge who wrote for the Court that case was well aware at the time that it threatened titles to property acquired under decrees and judgments rendered under the almost uniform practice of the courts for many years, as well as produced uncertainty as to the future practice in an important line of cases. But he felt constrained to take the position announced by a majority of the Court because of the clear and explicit language of sections 385 and 386 of The Code. However, he is now well satisfied that too much consideration was given to the language of the sections, and not enough to the reason of the law and to other sections of The Code, to-wit, sections 286 and 393 and the decisions of the Court on the subject. The plaintiff in the present case filed his complaint as the law directed, and the defendants should, under The

Code, have demurred or answered. Not having done either every material allegation of the complaint was to be taken as true. The Code, sec. 268. What kind of a judgment, then, were the plaintiffs entitled to? It could not be one by default and inquiry, for the reason that under section 268 of The Code there was nothing left to be inquired into. The material allegations of the complaint were to be taken as true. In *Benham v. Craig*, 80 N. C., 224, it was alleged in the complaint that there was no consideration for the deed, and the allegation was not denied. The Court said there: "The fact is therefore admitted, and the effect of the admission is as available to the plaintiff as if found by the jury." *Cook v. Guirkin*, 119 N. C., 13. It must be, then, that sections 385 and 386 of The Code have reference to actions for the recovery of money, section 385 applying to actions in the nature of *debt*, the amount being fixed and determined and due by contract; and section 386 applicable where the action sounds in damages. In the former case the judgment is by *default final*. In the latter case there is something to be inquired into and the judgment is to be by default and inquiry. The cause of action is admitted by a failure to answer, but the amount of the recovery is uncertain and to be inquired into. In the present case, therefore, the defendants having failed to answer and the action being not for a money demand, every material allegation of the complaint is admitted and the plaintiffs were entitled to a final judgment, not necessarily for all relief they seek in the complaint, but such as by law they were entitled upon the complaint. And that brings up for consideration the nature and particulars of the complaint. In 1877 Isaiah Rawles and Ann S. Rawles his wife, executed a deed of trust to W. T. Dortch, the defendant's testator, upon a tract of land of 452 acres belonging to the wife, Ann S., to secure a large debt due to the other defendants. The wife, how-

ever, reserved her homestead exemption in the tract of land.
The trustee, in 1879, instead of selling the land on default
of the payment of the debt under the power contained in the
deed of trust, resorted to foreclosure proceedings in the
Superior Court of Greene County. Service of the summons
issued in that action in September, 1878, was accepted by
the wife, Ann S., but it was not served on the husband.
That summons was not returned and no complaint was filed.
At the March Term, 1879, another summons was issued
against both the husband and wife, but service was made
upon the husband alone. The complaint was filed in which
a sale of the property was demanded for the payment of the
debt, and it was expressly declared that the tract of land was
the property of the wife and that she had reserved her home-
stead interest in it. A decree was made in which it was
adjudged that the defendants then be foreclosed of the equity
of redemption in the land, subject, however, to the defend-
ant Ann S. Rawles' homestead right therein, and the defend-
ant in this action, Isaac F. Dortch, was appointed commis-
sioner to make sale and title to the purchaser in case the
amount of the debt fixed in the decree was not paid by a
day certain. The commissioner made the sale and reported
to Court and it was confirmed. The report of sale was in
the following words: "That he sold said lands, subject to
the homestead right therein of the defendant Ann S. Rawles,
after due advertisement, for cash, at the court-house door in
the town of Snow Hill, on Saturday, 17th day of January,
1880, at public auction, at which time and place William R.
Devries became the purchaser of said lands, as the last and
highest bidder, at the price of $1,500. That said sum is a
fair, just and reasonable price for said lands. He, there-
fore, recommends that said sale be in all respects confirmed."

The following is a part of the decree of confirmation:
"The commissioner Isaac F. Dortch having reported to this

term that he sold the lands described in the pleadings on the 17th day of January, 1880, subject to the homestead right of the defendant Ann S. Rawles, to William R. Devries, who is one of the plaintiffs, for the sum of $1,500, which sum he reports to be a fair price, and there being no exception filed it is ordered, adjudged and decreed that the sale be confirmed, and said commissioner is ordered to make title in fee to said purchaser for said lands, subject to the homestead right of said Ann S. Rawles, as the same existed at the date of the mortgage named in the pleadings."

Mrs. Rawles had her homestead laid off to her and has since died.

W. R. Devries, one of the defendants, purchased the land at commissioner's sale, having been authorized in the decree to do so, and the plaintiffs claim title to that part of the land upon which Mrs. Rawles selected as a homestead through mesne conveyances from W. R. Devries. Isaac F. Dortch, as executor of W. T. Dortch, who was the trustee named in the deed of trust, has advertised the 542-acre tract of land for sale, the proceeds to be used towards the payment of the balance of the debt mentioned in the deed of trust after the application of the proceeds of the sale of the land by the Court's decree. The ground upon which he claims the right to sell the property is that this Court, in the case of *Swift v. Dixon*, 131 N. C., 42, has decided that W. R. Devries got no title to the land at the commissioner's sale and that the deed of trust is still valid and subsisting. In that case it was decided that Ann S., the wife, was not a party to the suit of the foreclosure proceedings on the ground that there was no connection between the first summons in that proceeding and the last one.

The reasonable and fair interpretation of that decision of the Court is that Devries did not get the title of the wife Ann S., but it does not follow that he did not get the hus-

band's interest in the land. But however that may be, the question is whether this land should be sold again in the face of the record in the foreclosure proceedings and the deed which Devries, the purchaser, has executed to another for a full and fair price to the land. As has been seen and pointed out from the complaint in the foreclosure proceedings Ann S., the wife, was treated as if she was before the Court in all respects; the prayer was that the *land* itself should be sold subject to her homestead right; in the decree of sale the *land* was ordered to be sold subject to her homestead right and not the interest of the husband in the land; in the report of sale the commissioner said that he sold the *land* subject to the homestead right of the wife, and not the interest of the husband, and that the land brought a fair price, and in the decree of confirmation it was recited that the *land* had been sold subject to the right of the wife's homestead and not the interest of the husband and that the price was fair. I think, therefore, that it would be against good conscience and inequitable to permit the defendants to have the threatened sale of the land claimed by the plaintiffs, and that the proceedings and the judgment in the foreclosure proceedings are an estoppel of record against the defendants. The plaintiffs were entitled to their judgment in the Court below from my point of view.

CONNOR, J., concurs in the concurring opinion.