J. B. GILLAM v. JAMES S. CHERRY, ANNIE L. CHERRY, AND
HENRY CHAVIS.

(Filed 22 September, 1926.)

1. Judgments—Pleadings—Default—Lands—Title—Fraud — Statutes —
Admissions.

Where the complaint in an action is to subject land fraudulently con-
veyed to the payment of a judgment, and it is alleged that pending the
action the defendant had conveyed the *locus in quo* to the codefendant
in fraud and without consideration, who with knowledge of the fraud
had accepted the conveyance, upon judgment by default for the want of
an answer, such allegations will be taken as true.

2. Same—Default Final—Default and Inquiry—Damages—Appeal and
Error.

Where the plaintiff is entitled to judgment by default in an action
involving the title to lands, and an inquiry as to the amount of damages
is dependent upon this question alone, he is entitled to judgment by de-
fault final, and judgment by default and inquiry is erroneously entered.

APPEAL by plaintiff from *Midyette, J.,* at January Term, 1926, of
BERTIE. Error.

The material facts setting forth the controversy were found by the
court below and judgment rendered as follows:

"Summons issued in this action on 17 September, 1925, and plaintiff
filed his verified complaint in this court on that date. The summons
were returnable on 30 September, 1925. The summons and complaint
were duly served upon the defendants, James S. Cherry and Annie L.
Cherry on 19 September, 1925, by the sheriff of Bertie County, such
service being made by the reading of the summons to the said defend-
ants, and by leaving copies of said summons and said verified complaint
with the said defendants. The sheriff made his return on the said
summons, showing service of both complaint and summons on said
defendants, and the clerk of the Superior Court of Bertie County en-
tered such return upon the summons docket. The said defendants failed
to file answer or other pleadings or defense bond, within twenty days
after the service of said summons and complaint upon them. On 12 Octo-
ber, 1925, after twenty days from the service and complaint upon said
defendants, the plaintiff appeared before the clerk of the Superior
Court and moved for judgment by default final against the said de-
fendants upon the cause of action set out in the complaint. This mo-
tion was refused by the clerk of the Superior Court who allowed the
defendants until 20 October, 1925, in which to file their answer; and
the plaintiff appealed therefrom to the judge of the Superior Court.

Afterwards, on 29 October, 1925, the defendants, James S. Cherry and Annie L. Cherry, served notice upon the plaintiff that they would move before this court for additional time for the filing of the answer to the complaint, such notice being given while such appeal was pending before this court. It further appears to the court that the plaintiff used all diligence in moving for such judgment and was not guilty of laches. It further appears that the plaintiff, J. B. Gillam, brought an action against the defendant, James S. Cherry, in the Superior Court of Bertie County, on 16 March, 1922, such action being brought to recover the sum of $838.77 and interest thereon from 5 March, 1921, such sum being due on contract, and that the plaintiff recovered judgment on said debt against the said Cherry at February Term, 1925, of said court, such judgment being docketed in the office of the clerk of the Superior Court in Book of Judgments ............, page............. That at the commencement of such action the defendant, James S. Cherry, was the owner of the lands described in the complaint, but pending said action, the said James S. Cherry, on 8 February, 1923, without any consideration and with the intent and purpose of hindering, delaying and defrauding the plaintiff out of the collection of his debt, and also with a like purpose to defraud other creditors, conveyed the said lands to his step-mother, Annie L. Cherry, with whom he then resided, and that the said Annie L. Cherry received and accepted said deed with full knowledge of such intent and purpose of said James S. Cherry; and at such time, and now, the said James S. Cherry owned no other real estate; and is now insolvent. It appears that the facts stated in the complaint are true, and that the defendants have not a meritorious defense to the plaintiff's cause of action; and that the plaintiff is entitled to the relief demanded in the complaint; but this court is of the opinion that the plaintiff is not entitled, as a matter of law, to a judgment by default final, but only to a judgment by default and inquiry. It is, now, therefore, ordered and adjudged that the motion of the defendants for time in which to file answer to said complaint be and the same is hereby refused and denied; and that the order of W. L. Lyon, clerk of the Superior Court of Bertie County, refusing the motion of the plaintiff for judgment and allowing said defendants additional time in which to answer is vacated and set aside. It is further ordered and adjudged that the plaintiff recover judgment against the said defendants upon the cause of action set out in the complaint by default and inquiry, with the effect provided by law, and that the said cause be transferred to the civil issue docket in order that such inquiry may be had."

The plaintiff excepted and assigned as error the refusal of the court below to grant his motion for judgment by default final against the

defendants, James S. Cherry and Annie L. Cherry, upon the causes of action set out in said complaint, and upon the facts appearing in the case and found by the judge in the said judgment and order, and appealed therefrom to the Supreme Court of North Carolina. This is the only exception and assignment of error in the record, and the only one to be heard on this appeal. The defendant, Henry Chavis, was not served with process and pleading and no relief asked against him.

*Gillam & Davenport for plaintiff.*
*Craig & Pritchett for defendants.*

CLARKSON, J. Freeman on Judgments, 3rd vol., 5th ed. (1925), part sec. 1282, says: "The effect of a default as an admission and as dispensing with proof of the facts varies somewhat with the statutes governing the matter. *Generally, however, a default admits all of the material traversable allegations of the declaration, complaint or petition.* (Italics ours) It admits the facts alleged as to the cause of action and precludes any showing of defensive matters, though as to the damages, except in those cases where the clerk or the court is authorized to enter judgment for the amount claimed, there is no admission, but proof is required. Though an allegation be defective in form it is nevertheless admitted. When title or ownership is a material allegation, as in an action of ejectment or other action to try title, a default admits it. This is true as to the title of a personal representative as such, and his default admits that he has sufficient assets to meet the claim alleged. So an alleged trespass is admitted, as is fraud, in some states. But the admission by a default extends only to those material matters which would be admitted by a failure to deny or traverse them in an ordinary case, and therefore does not extend to allegations which are mere conclusions of law." 15 R. C. L., sec. 117, p. 667; 34 C. J., sec. 386, p. 173; *Mitchell v. Express Co.,* 178 N. C., p. 235; *Mfg. Co. v. McQueen,* 189 N. C., p. 312.

C. S., 595, subsections 1, 2, 3 and 4, set forth when judgments by default final may be had on failure of defendant to answer, etc.

C. S., 596, is as follows: "In all other sections, except those mentioned in the preceding section, when the defendant fails to answer and upon a like proof, judgment by default and inquiry may be had as provided in the last section but one, and inquiry shall be executed at the next succeeding term. If the taking of an intricate or long account is necessary to execute properly the inquiry, the court, at the return term, may order the account to be taken by the clerk of the court or some other fit person, and the referee shall make his report at the next

succeeding term; in all other cases the inquiry shall be executed by a jury, unless by consent the court is to try the facts as well as the law."

*Justice H. G. Connor,* writing for a majority of the Court, in *Junge v. MacKnight,* 137 N. C., p. 285 (this case is reported in 135 N. C., p. 105, petition to rehear in which the first decision was reversed, *Justice Connor* in former opinion dissenting), it was held: "In an action to determine conflicting claims to real property, the failure of the defendant to answer at the return term entitled plaintiff to a judgment by default final in accordance with the facts stated in the complaint, without inquiry or proof of such facts."

In the *Junge cases, supra,* the effect of C. S., 595-6, was thoroughly discussed, and we need not go into the controversy as a majority of the Court, in the last case, held that a judgment by default final was the correct procedure. *Montgomery, J.,* concurring in the last case, said (p. 292): "I conclude, therefore, that judgment by default and inquiry in sec. 386 of The Code (C. S., 596), has reference only to actions sounding in damages."

In *Jernigan v. Jernigan,* 178 N. C., p. 85, it is held: "This was a proceeding to set aside a judgment by default final on the ground of irregularity and excusable neglect. *The action was to declare certain deeds void and the plaintiff the owner of the lands in fee simple.* The complaint was duly verified and filed 3 July, 1916, and judgment by default final entered at September Term, no answer having been filed. The summons was issued returnable to the May Term, and was served on 11 May, 1916. *The judgment by default final was regular* (italics ours). Rev. 556 (4); *Junge v. MacKnight,* 137 N. C., 285; *Stelges v. Simmons,* 170 N. C., 44; *Lee v. McCracken, ibid.,* 576."

In *Greeley v. Sample et al.,* 22 Iowa Reports, p. 338, the principle is recognized: "Where default is made to a petition which alleges that defendant holds certain real estate fraudulently and in trust for another, such allegations will be taken as true."

*Armstrong v. Asbury,* 170 N. C., p. 160, cited by defendant, is not in conflict with the position here taken. In that case it is said, at p. 162: "In other words, the cause of action alleged against the defendant McRae is his liability upon the agreement between the stockholders, and his complaint is that he was not permitted to prove that he was not a party to the agreement. This he could not do, because he is precluded by the judgment by default and inquiry, which establishes the cause of action, that is, that he was a party to the agreement, and only leaves open the amount of the recovery. *Banks v. Mfg. Co.,* 108 N. C., 282; *Blow v. Joyner,* 156 N. C., 142; *Graves v. Cameron,* 161 N. C., 549. The concluding sentence of the authority relied on by the defendant

*(Allen v. McPherson,* 168 N. C., 436) is that 'It (a judgment by default and inquiry) establishes merely that the plaintiff has a cause of action,' and this brings it in harmony with the other cases."

We are of the opinion that plaintiff's assignment of error should be allowed and judgment by default final rendered. For the reasons given, there is

Error.