THE FEDERAL LAND BANK OF COLUMBIA v. T. E. DAVIS, WIDOWER, W. H. DAVIS AND WIFE, MARGARET DAVIS, L. E. DAVIS AND WIFE, FLETA DAVIS, MILDRED PRIDDY AND HUSBAND, P. P. PRIDDY, VIRGINIA JOHNSON AND HUSBAND, BERNICE JOHNSON, D. J. EASLEY AND WIFE, CLAUDIA EASLEY, JAMES EASLEY, IRENE MARANVILLE AND HUSBAND, JAMES W. MARANVILLE, BLANCHE BOLES AND HUSBAND, D. H. BOLES, ROSS HAMPTON EASLEY, RUTH EASLEY, CARLTON EASLEY, MARGARET EASLEY, FIRST NATIONAL BANK, SUCCESSOR OF FARMERS NATIONAL BANK & TRUST COMPANY, GURNEY P. HOOD, COMMISSIONER OF BANKS, ASSIGNEE OF WACHOVIA BANK & TRUST COMPANY, GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. BANK OF STOKES COUNTY, TRUSTEE, CHASE NATIONAL BANK OF NEW YORK, STOKES LUMBER COMPANY, INC., ASSIGNEE OF DAN RIVER LUMBER COMPANY, INC., BANKRUPT, AND THE UNITED STATES OF AMERICA.

(Filed 1 March, 1939.)

**1. Judgments § 25c—**

The rule that after adjournment of the term a judgment rendered during the term is no longer *in fieri* and may not be altered, relates to the merits of the controversy, and until the judgment is satisfied it is still pending for certain purposes, including correction for apparent and proved clerical errors upon motion in the cause.

**2. Judgments § 24—**

A judgment by default final for want of an answer does not deprive defendant of the right to move for a correction of the judgment by motion in the cause to have the judgment conform to the relief to which plaintiff is entitled upon the facts alleged in the complaint.

**3. Judgments § 9—**

The failure to file answer admits the allegations of fact set out in the complaint and entitles plaintiff to the relief justified by the facts alleged, but the judgment by default final may not grant relief in excess of, or different from the case stated in the complaint. C. S., 606.

**4. Judgments § 24: Mortgages § 31d—Decree of foreclosure by default should be limited to foreclosure of interests conveyed by the mortgage.**

The mortgage in question, after the particular description of the land conveyed therein as security, recited that it comprised lands conveyed to the mortgagor by two separate deeds, and referred to the deeds and the books and pages at which they were recorded. One of the deeds referred to expressly exempted therefrom mineral interests in the land. Thereafter the mortgagor conveyed the tract in which the mineral interests were reserved to movant. Suit to foreclose the mortgage was instituted, and decree of foreclosure by default final was entered describing the land in the identical language of the mortgage, with further provision that all right, title and interest therein of defendants or those claiming under them should be sold, and that upon consummation of the sale the commissioner should make deed to the purchaser in fee. Movant made a motion in the cause for correction of the decree, and for adjudication that the mineral interests were excepted from the foreclosure. *Held:* Movant is entitled to correction of the decree to order foreclosure of the land described in the mortgage as therein described, but whether that description included the mineral interest in the land purchased by movant was not in issue in the foreclosure suit, and may not be litigated upon motion in the cause, and the decree of foreclosure is conclusive as to the interests embraced in the mortgage description, but does not preclude movant from litigating any claim to interests which may not be included therein.

APPEAL by defendants W. H. Davis and wife, Margaret Davis, from *Clement, J.,* at October Term, 1938, of STOKES. Error and remanded.

This is a motion in the cause after judgment in the original action, which was an action instituted for the foreclosure of a mortgage.

The defendant T. E. Davis on 19 December, 1925, executed to the plaintiff a mortgage to secure the payment of $6,000. To the particular description of the land conveyed by said mortgage the following clause was added: "And being the identical land conveyed to T. E. Davis by two deeds, one of which is from J. E. Marshall and others, recorded in the office of the Register of Deeds of Stokes County, North Carolina, in book 48, page 348, dated April 2, 1906; and the other is from D. P. Mast, Commissioner, dated July 1, 1893, recorded in the above named office in Book 34, pages 591-2-3, to which reference is hereunto made." The said Marshall deed to Davis on its face expressly excepts therefrom "the coal and mineral interests in said land." After execution and recordation of the mortgage, T. E. Davis, the mortgagor, conveyed the Marshall tract containing 122½ acres to the defendants W. H. Davis and wife for life, with remainder to their three named children, by deed dated 26 March, 1932.

The defendants failed to answer the complaint filed in the original action and there was a judgment by default final decreeing foreclosure. This judgment describes the lands to be sold in the identical language

of the description contained in the mortgage. It contains the further provision "that upon the sale of the said premises all the right, title, interest and equity of redemption of the defendants (naming all defendants) as well as all persons whomsoever claiming by, through, or under the same in and to the premises, or any part thereof, herein ordered to be sold, be, and the same hereby are forever barred and foreclosed." There is likewise a provision in the judgment that upon the consummation of the sale the commissioner shall make deed to the purchaser in fee.

After the issuance of a writ of possession or writ of assistance the defendant W. H. Davis, who now claims to own the coal and mineral rights in said land which were excepted by Marshall and others in their deed to T. E. Davis, appeared and moved the court that the description contained in the judgment of foreclosure be amended so as to expressly except the coal and mineral interests contained in that portion of the land ordered sold which was acquired under the Marshall deed. Said defendant likewise filed an affidavit and motion to correct the judgment by striking out the clause providing that all right, title and interest of equity of redemption should be forever foreclosed or by so amending the same as to clearly indicate that the defendants are foreclosed as to the Marshall tract only as to the interest in said land acquired by T. E. Davis under the Marshall deed, which excepted the coal and mineral interests. The defendant bases his motion upon the contention that the alleged defects in the judgment are matters of clerical error arising out of the fact that in tendering judgment the plaintiff used a printed form, not adapted to the particular facts in this case, without striking out the provisions thereof which were inapplicable.

The motion came on to be heard before the court below. After hearing the same the judge denied the motion of the defendant and entered decree ·adjudging as a matter of law, upon the facts found, that the description contained in the mortgage and in the judgment of foreclosure includes all mineral and surface rights in the lands in question. He further adjudged that the movant is estopped and precluded by said judgment from asserting any claim in or to mineral or other rights in said lands, and that there was no clerical error in entering said judgment. The court likewise dismissed said defendant's appeal from the clerk's order allowing plaintiff's application and motion for a writ of assistance, which appeal was then pending. The movants excepted and appealed.

*Ingle, Rucker & Ingle for plaintiff, appellee.*
*S. E. Hall and Parrish & Deal for defendants, appellants.*

---

---

BARNHILL, J.  This appeal presents three questions for determination: (1) May a defendant against whom there has been a judgment by default final thereafter by motion in the cause have clerical errors in the judgment corrected?   (2) May such defendant by motion after judgment by default final require the judgment to be modified by striking out provisions therein which are in excess of the relief to which the plaintiff is entitled upon the facts alleged?  And (3), may it be adjudicated on a motion filed after judgment by default final that the description contained in the mortgage and in the judgment of foreclosure, is or is not sufficient to embrace and convey all interest in the land, including mineral rights.

The rule that a judgment is *in fieri* during the term only and cannot be altered after adjournment relates to judicial and not to clerical errors therein.   After rendition of final judgment the cause is still pending in certain respects until the judgment is satisfied.   Motions affecting the judgment, but not the merits of the original controversy, may be made in the cause.   *Finance Co. v. Trust Co.,* 213 N. C., 369, and cases there cited.   Parties to the action may, by motion in the cause, have clerical errors therein corrected.   McIntosh N. C. Prac. & Proc., page 733; *Strickland v. Strickland,* 95 N. C., 471; 10 A. L. R., 526 (notes); *Lindsay v. Lindsay,* 67 A. L. R., 824 and annotations; *Drainage Dist. v. Fremont County,* 114 A. L. R., 1093.   On motion made the court has the power and it is its duty to correct apparent or proved clerical mistakes in judgments and cause them to speak the truth.

The fact that the defendant did not file an answer, thereby admitting the allegations of fact in the complaint, which entitled the plaintiff to a judgment by default final, does not deprive him of the right which he would otherwise have to move in the cause for a correction of the judgment.

The error in the original judgment arises out of the fact that the judgment is one by default final and is due to the provisions therein, which are in excess of the relief to which the plaintiff is entitled upon the facts alleged.   It is expressly provided by C. S., 606, that where there is no answer filed the relief granted to the plaintiff cannot exceed that demanded in his complaint.   While in an action where an answer is filed the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue, if there is no answer the judgment by default must be drawn strictly in accordance with the case stated in the complaint.   The defendant is concluded by the decree only so far as it is supported by the allegations in the complaint.   If it gives relief in excess of, or different from, that which the plaintiff is entitled to under the complaint it should be set aside or

modified so as to conform to the allegations. McIntosh N. C. Prac. & Proc., 714; *Currie v. Mining Co.,* 157 N. C., 209, 72 S. E., 980; *Junge v. MacKnight,* 137 N. C., 285, 49 S. E., 474; *Jones v. Mial,* 82 N. C., 252. Where a judgment by default final grants relief in excess of that to which the plaintiff is entitled a motion in the cause is the remedy available to the defendant for the correction thereof. It follows that the defendant is within his rights and is pursuing the proper remedy in lodging a motion in the cause for a correction of the judgment by striking out such provisions thereof as are not consistent with the case made by the complaint.

The plaintiff by its complaint seeks the foreclosure of a mortgage to which reference is made in the complaint. The complaint specifically describes the land conveyed in the mortgage. The description makes specific reference to a deed in the mortgagor's chain of title which expressly excepts the coal and mineral rights. The movant took title under a deed from the mortgagor which was executed and delivered subsequent to the mortgage. Whether the description contained in the mortgage and in the decree of foreclosure, by reason of the reference to the Marshall deed, does or does not embrace coal and mineral rights is a question which is not raised by the complaint. There are no allegations in the complaint upon which this question may be adjudicated. On the complaint the plaintiff was entitled to a decree of foreclosure of the land described in the mortgage as therein described. The foreclosure deed would thus convey whatever interest the mortgage conveyed. We are of the opinion, therefore, that the provision of the judgment that upon sale of the land all the right, title and interest of the movant should be thereupon forever foreclosed, as the provision relates to that portion of the tract sold which was acquired under the Marshall deed, extends beyond the relief to which the plaintiff was entitled and which the court was authorized by law to grant in a judgment by default final. Only the interest conveyed by the mortgage could be forever foreclosed.

In his motion the defendant seeks to have the description contained in the decree of foreclosure enlarged so as to expressly except the coal and mineral interests. This goes beyond the relief to which he is entitled. He only has the right to have the judgment so modified as to show that the interests conveyed by the mortgage are ordered foreclosed and that as to such interests he and the other defendants are forever foreclosed. He has no right to have inserted in the judgment an additional clause, which in fact would declare that the mortgage description was not such as to convey the coal and mineral interests. If the movant insists upon this right it must be litigated in another action.

The court below undertook to adjudicate on the motion of the defendant made after final judgment that the description contained in the mortgage was sufficient to convey the coal and mineral rights. The defendants' motion was to correct the judgment. The plaintiff in its complaint did not seek an adjudication of its right to the coal and mineral interests under the mortgage, and the motion of the defendant was allowable only to the extent that it sought to have provisions of the judgment in excess of the relief demanded stricken from the judgment. The court below inadvertently sought to determine issues not raised upon the pleadings and which could not be raised by motion in the cause after judgment. Therefore, the judgment entered on the motion undertaking to adjudicate the force and effect of the description in the mortgage was without warrant in law. The plaintiff had no more right to have the judgment enlarged to this effect in its favor than did the defendant to have it enlarged or modified to contrary effect in his behalf.

The judgment of the court below cannot be sustained. The cause is remanded for a judgment reforming the decree of foreclosure in accordance with this opinion. The plaintiff will then be entitled to a writ of assistance directing the sheriff to dispossess the defendant and place the purchaser in possession of the interest in the lands foreclosed, which it is admitted at least includes all surface rights. Thus, the defendant will not be precluded from asserting any interest in the land which he now owns or claims to own which were not embraced within the mortgage. As to the interest in the land which was conveyed by the mortgage and sold under the decree of foreclosure the defendant is forever foreclosed and estopped to assert any title thereto. What this interest was or is cannot be litigated by a motion in the cause.

Error and remanded.