THOMAS O. PRUITT AND WIFE, ESTELLE K. PRUITT v. BAXTER H. TAYLOR, T/A TAYLOR CONSTRUCTION COMPANY.

(Filed 11 December, 1957)

1. **Judgments § 27d—**

   An irregular judgment is one rendered contrary to the course and practice of the courts, and may be set aside by motion in the cause.

2. **Constitutional Law § 24—**

   Fundamental to an adjudication of liability is notice of a demand and an opportunity to contest.

3. **Judgments § 11—**

   Judgments upon inquiry after default cannot exceed the amount demanded in the complaint, G.S. 1-226, and while upon the inquiry the court may allow plaintiff to amend to allege damages in a larger amount to make the allegations conform to the proof, G.S. 1-163, the entry of judgment for the greater amount without notice and opportunity to defendant to controvert the amount is irregular, and the verdict and judgment must be set aside on motion so that each party may offer evidence in support of their contentions as to the amount of damage.

PRUITT *v.* TAYLOR.

**4. Appeal and Error § 49—**

In the absence of findings, it will be presumed that the lower court found the predicate facts upon supporting evidence.

APPEAL by plaintiffs from *Carr, J.,* September 1957 Civil Term of LEE.

On 29 December 1956 plaintiffs filed in the Superior Court of Lee County their verified complaint in which they alleged their home near Sanford had been damaged as a result of negligent blasting operations by defendant. They alleged damages in the sum of $2000 and prayed that they recover that sum and costs. Thereupon summons issued for defendant. The summons and complaint were served on defendant on 7 January 1957. Defendant made no appearance. On 9 February 1957 judgment by default was rendered with a provision that inquiry as to damages should be had at the next civil term.

At the May Term 1957, which was the next civil term, a jury was empaneled to determine the amount of plaintiffs' damage. Plaintiffs offered evidence to the effect that their damage in fact amounted to $2200 instead of $2000 as alleged in the complaint. They then asked leave to amend the complaint to allege damage to accord with their evidence. Their motion was allowed and the sum of $2200 was inserted in the complaint. The issue was then submitted to the jury and answered by them $2200. Judgment was entered on the verdict for $2200 and costs.

At the September Term 1957 defendant moved to set aside the judgments rendered in February and at the May Term. The motion was based on excusable neglect and also on irregularity in the judgment assessing damages. Defendant's motion was allowed as to the judgment rendered at the May Term and otherwise denied. Plaintiff excepted and appealed.

*Pittman & Staton and Lowry M. Betts for plaintiff appellants.*
*Gavin, Jackson & Gavin and Ward & Bennett for defendant appellee.*

RODMAN, J. Our statute, G.S. 1-226, provides: "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in his complaint . . ."

A default judgment rendered contrary to this statutory provision for an amount in excess of the damages alleged and the sum prayed for in the complaint is irregular. *Simms v. Sampson,* 221 N.C. 379, 20 S.E. 2d 554; *Land Bank v. Davis,* 215 N.C. 100, 1 S.E. 2d 350; *Burrowes v. Burrowes,* 210 N.C. 788, 188 S.E. 648; *Smith v. Travelers Protective Assoc.,* 200 N.C. 740, 158 S.E. 402; *White v. Snow,* 71 N.C. 232.

An irregular judgment is one rendered contrary to the course and practice of the courts. A motion in the cause is the proper course to pursue to obtain relief from a judgment so improperly entered. *Collins v. Highway Com.*, 237 N.C. 277, 74 S.E. 2d 709; *Miller v. Bank*, 234 N.C. 309, 67 S.E. 2d 362; *Fowler v. Fowler*, 190 N.C. 536, 130 S.E. 315; *Carter v. Rountree*, 109 N.C. 29; *Fowler v. Poor*, 93 N.C. 466.

The judgment rendered at the May Term was an irregular judgment if the statute refers to the amount demanded in the complaint served on defendant. Plaintiffs argue that it should not be given this restricted meaning, that it properly means the amount alleged and demanded at the time plaintiffs' damages are assessed. If their position is correct, the judgment is not irregular, but at most erroneous, as they assert.

The amendment to the complaint was made while plaintiffs were offering evidence with respect to the amount of damage to which plaintiffs were entitled. The amendment was allowed to make the complaint "conform to the proof." This amendment increased the damages claimed substantially. Defendant had no notice of this amendment until after the verdict was rendered, judgment entered, and execution had issued. The record does not disclose whether the plaintiffs or some other witness testified to a greater damage to plaintiffs' property than plaintiffs had asserted in their sworn complaint, or when plaintiffs, subsequent to the filing of their complaint, conceived the damage done was greater than they had originally claimed.

The position taken by plaintiffs, appellants, does not in our opinion properly interpret the express language of the quoted section of the Code of Civil Procedure nor conform to the policy declared in that chapter of our statute law.

Fundamental to an adjudication of liability is notice of a demand with an opportunity to contest. Default judgments on an obligation specific in amount or to be ascertained by inquiry can only be rendered when the complaint has been duly verified. G.S. 1-211. The complaint must contain "A demand for the relief to which plaintiff supposes himself entitled. If the recovery of money is demanded, the amount must be stated." G.S. 1-122. The complaint must be served on defendant. G.S. 1-121. When these requirements of the statute have been complied with the defendant is called upon to make some response. If he remains silent and files no answer, it is by law a confession of liability on the cause of action asserted in the complaint, G.S. 1-159, and an assent to the ascertainment of the extent of that liability in the manner prescribed by law.

It would do violence to one's sense of justice to say that defendant, having consented to the assessment of damages not in

excess of a stipulated amount, had, by that consent, agreed that larger damages might be assessed.

The right to amend the complaint is conferred by statute. In one instance the plaintiff can exercise that right without seeking permission of the court. G.S. 1-161. He must do so before the time for answering has expired. Certainly it would not be suggested that a plaintiff could file a verified complaint alleging defendant's indebtedness in the sum of $500, serve such complaint on the defendant, and thereafter and before the time for answering had expired, amend his complaint, changing his allegation and prayer from $500 to $5000, and upon default of an answer have judgment on the amended complaint for the amount then claimed.

If plaintiff does not amend before the time to answer expires, he may amend upon application to and permission of the court. G.S. 1-163.

Amendments made either in the discretion of the court or as a right are of equal dignity. Neither are confessed by a defendant who has no knowledge thereof and, when made for the purpose of obtaining relief in excess of the amount demanded in the complaint served on defendant, come within the prohibition of G.S. 1-226 until he has notice thereof. *Simms v. Sampson, supra; Smith v. Travelers Protective Assoc., supra.*

The Supreme Court of Oklahoma was called upon, in *Davenport v. Jamison,* 177 P. 550, to deal with a similar situation. It said: "The question presented here is whether or not a suit may be filed and a definite sum asked in said petition, and, after the summons has been served and no defense offered by the defendant, the court has jurisdiction to permit an amendment so as to include a much larger sum than was originally sought to be recovered from the defendant." The court reached the conclusion that a judgment rendered based on the amendment was invalid.

Freeman, in his work on Judgments (5th Ed. Sec. 1292), says: ". . . a default operates as an admission of all the material traversable allegations of the plaintiff, so that it is only necessary for him to establish by proof the damages claimed. This places a corresponding limitation on the scope of the inquiry. In the first place, the plaintiff is limited strictly to the case made by his pleadings. Upon the question of damages he has no greater latitude than had a denial been interposed." And speaking with respect to amendments as affecting the default, he says, in Sec. 1278: "If the amount of damages claimed is increased by amendment without notice to the defendant, judgment cannot exceed the amount claimed in the original petition."

"Where the complaint is amended in a matter of substance, after default, a valid default judgment cannot be entered on the amended pleading unless the defendant is duly notified of the amendment and given opportunity to plead." 49 C.J.S. p. 340; 31 Am. Jur. pp. 130, 131; Black on Judgments, 2nd Ed. p. 556.

The adjudication of defendant's liability to plaintiffs for a sum in excess of the amount demanded in the complaint served on defendant was contrary to the course and practice of the courts. The judgment was irregular; but a judgment merely follows the verdict. *Jernigan v. Neighbors,* 195 N.C. 231, 141 S.E. 586; *Sitterson v. Sitterson,* 191 N.C. 319, 131 S.E. 641. To vacate the judgment without vacating the verdict would in fact afford no relief. Plaintiffs would be entitled to again have judgment entered on the verdict. It was proper to set aside both verdict and judgment.

The court did not find that defendant had a meritorious defense. He made no findings. No request for findings was made. Defendant's affidavit on which he moved to set aside the judgments for excusable neglect as well as for irregularity was insufficient, as the court found, to justify setting the judgments aside on the ground of excusable neglect, but the facts there stated sufficed to show that defendant does have a meritorious defense on the question of the extent of damage, and in the absence of findings of fact or request for findings it is presumed that on the evidence in the record the court found facts which support his judgment. *Morris v. Wilkins,* 241 N.C. 507, 85 S.E. 2d 892.

The power of the court at the May Term 1957 to allow the amendment is not challenged. Defendant is now entitled to file an answer controverting the amount which plaintiffs claim he owes. Each party is entitled to offer evidence in support of their contentions. If the jury, having heard the evidence, finds the damages as now claimed by plaintiffs, they are entitled to a judgment for the amount so ascertained.

The judgment is
Affirmed.