MARSHALL C. COLLINS, EDWIN MOORE, HAYWOOD WISE, GEORGE MIDGETT, ALFONZO SCARBOROUGH AND DAVE ALEXANDER, DEACONS OF THE HAVEN CREEK BAPTIST CHURCH, MANTEO, N. C., ACTING AS TRUSTEES HOLDING TITLE TO THE PROPERTY OF THE CHURCH, AND MARSHALL C. COLLINS, EDWIN MOORE, HAYWOOD WISE, GEORGE MIDGETT, ALFONZO SCARBOROUGH AND DAVE ALEXANDER, INDIVIDUALLY FOR THEMSELVES AS MEMBERS OF SAID CHURCH AND FOR SUCH OTHER MEMBERS OF SUCH CHURCH AS MAY MAKE THEMSELVES PARTIES TO THIS ACTION, PLAINTIFFS v. REVEREND J. C. SIMMS, DEFENDANT.

(Filed 1 March, 1961.)

**1. Appeal and Error § 21—**

A sole exception to the judgment presents only the face of the record for review.

**2. Judgments § 13—**

The failure of defendant to plead within the statutory time after service of summons and verified complaint upon him in an action within the jurisdiction of the court, admits the allegations of fact and entitles plaintiffs to that relief to which the facts alleged in the verified complaint entitle them, and default judgment for such relief is properly entered.

**3. Judgments § 15—**

A judgment by default must strictly conform to, and be supported by, the allegations of fact in the verified complaint, G.S 1-226.

**4. Religious Societies § 2—**

The Superior Court has jurisdiction of an action instituted by the governing authorities of a congregational church for an injunction upon allegations that at a regular annual meeting of the congregation, held after due notice in accordance with the customs and practices of the church, a majority of the members of the congregation had voted not to re-employ defendant as pastor for the ensuing year, and that defendant had thereafter appeared and disrupted orderly services by attempting to continue to act as the church's pastor, and had stated his intentions to continue to do so.

**5. Judgments § 21—**

A default judgment which grants plaintiffs relief in excess of that to which they are entitled upon the facts alleged in the verified complaint is irregular, but is not void, and the proper procedure for relief against such judgment is by motion in the cause.

**6. Religious Societies § 2: Judgments § 15—**

Where the verified complaint in an action by the governing authorities of a congregational church alleges facts entitling plaintiffs to enjoin defendant from continuing to assert his right to act as pastor of the church after the expiration of his term, a judgment not only restraining defendant from continuing to attempt to act as pastor but further enjoining defendant from appearing at the church or going upon the church grounds, is in excess of the relief to which plaintiffs are entitled upon the facts alleged.

**7. Judgments § 15—**

A judgment by default precludes defendant from denying the truth of the facts properly set forth in the verified complaint but does not preclude him from objecting to the judgment on the grounds that it does not strictly conform to, and is not supported by, the allegations.

APPEAL by defendant from a judgment entered at the October Term, 1960 of DARE by *Bone, J.,* denying a motion by defendant to vacate a judgment by default final entered at the May Term 1960 by Hooks, J., and denying a motion by Lloyd Meekins and other persons to vacate the same judgment by Hooks, J., and to dissolve the permanent injunction therein decreed.

The complaint was properly verified by one of the plaintiffs, and filed in the office of the clerk of the Superior Court of Dare County on 11 February 1960. On the same date the clerk issued a summons.

A summary of the complaint's material allegations of fact follows, except when a direct quotation is made.

The six plaintiffs are members and deacons in good standing of Haven Creek Baptist Church, Manteo, North Carolina, and compose a majority of its nine-men board of deacons. The board of deacons holds title to the church property, though the deacons have never been designated by name as trustees.

The Rev. J. C. Simms, the defendant, is a resident of Norfolk, Virginia, and served as pastor of the church for the year 1959.

This church, like other Baptist churches, is a congregationally organized church. It has no formal constitution or by-laws. On 15 November 1959 announcement was made that the regular annual business meeting for the election of officers and a pastor for the church would be held on Friday night, 27 November 1959. On the next Sunday, 22 November 1959, similar announcements were made at Sunday school and at the Baptist Training Union. At the meeting held on 27 November 1959 all the members of the church present voted unanimously to dispense with the services of defendant as pastor of the church at the close of the year 1959. Whereupon, the secretary of the board of deacons of the church wrote defendant a letter telling him of the action taken at the meeting.

The announcements and the holding of the regular annual business meeting were all made and done in accordance with the custom and usage of this church, just as elections had been held in previous years. This church as a congregationally organized church has sole authority in such matters as to the method of conducting its business affairs, and the vote of the membership on 27 November 1959 was a valid and final decision on the question of retaining or not the services of de-

COLLINS *v.* SIMMS.

fendant as its pastor. "It is admitted that there is some support for the defendant but a majority of the members at the regular annual business meeting, as above set forth, have voted not to employ him as pastor."

Despite the action of this church in not re-employing defendant as its pastor for the year 1960, and the letter to that effect sent to him by the secretary to the board of deacons, defendant on every preaching Sunday in the year 1960 to the date of filing of the complaint (11 February 1960) has returned to the church, and has attempted to serve as pastor. On the first Sunday in January 1960 he returned, the doors of the church were locked to avoid possible trouble, and he held services on the grounds of the church. On the third Sunday he again returned. A warrant for his arrest was taken out, charging him with disturbing religious worship. On this warrant he was tried, found guilty and fined in the Recorder's Court of Dare County. He appealed to the Superior Court, and told various members of the church and of its board of deacons that he intended to continue to attend this church and act as pastor.

The acts of defendant in coming to this church and attempting to act as its pastor are having a most disrupting influence on the church and its worship service, and are causing it irreparable damage. His statements that he intended to continue to attend this church and act as its pastor are in the nature of continuing trespass.

Wherefore, plaintiffs pray for a permanent injunction enjoining defendant from trespassing on the church property.

On 15 February 1960 the Honorable Chester R. Morris, resident judge of the first judicial district, (Dare County is in this district), issued a temporary restraining order enjoining defendant from appearing at this church and interfering in any manner with the worship service or other meetings of the church, and ordering defendant to appear before him at a specified time and place, and show cause, if any he can, why the temporary restraining order should not be continued until the final determination of the action.

The summons was duly served on the defendant on 20 February 1960, and a copy of the summons, a copy of the complaint, and a copy of the temporary restraining order were left with him.

On 5 March 1960, the return date of the temporary restraining order, Judge Morris, by consent of defendant, who *in propria persona* signed the order signifying his consent, continued the temporary restraining order issued by him on 15 February 1960 to be in full force and effect until the final hearing of the action.

At the May Term 1960 of the Superior Court of Dare County the State took a *nolle prosequi* with leave in the case of State v. the de-

fendant for disturbing religious worship which he had appealed to that court from the Recorder's Court of Dare County. At one place in the record the charge in the warrant is said to be disturbing religious worship, in another disorderly conduct.

At the May Term 1960 of the Superior Court of Dare County Hooks, J., upon motion of plaintiffs, entered a judgment by default final in the action. This judgment recites in substance, the proper service of summons on defendant on 20 February 1960, and the delivery to him on the same date of a copy of the verified complaint, a copy of the summons duly issued, and a copy of the temporary restraining order, the consent of defendant to the continuance in force of the temporary restraining order issued by Judge Morris to the final determination of the action, the fact that defendant had filed no answer, demurrer or other pleading in the action, that no extension of time had been granted to defendant to plead, and that the time within which defendant could file pleadings had expired, and that the verified complaint alleged a good cause of action against the defendant for trespassing on the church property. Whereupon, Hooks, J., ordered and decreed "that the defendant be and he is hereby perpetually enjoined and restrained from appearing at the Haven Creek Baptist Church or trespassing on the grounds or in the church building," and that defendant be taxed with the costs.

On 25 July 1960 defendant, long after the time for answering had expired, filed an answer in the clerk's office. On 30 September 1960 he filed a motion to vacate the judgment by default final entered by Judge Hooks and to dismiss the complaint.

On 26 October 1960 one Lloyd Meekins, a member and a deacon of the church, filed a motion in behalf of himself and other members of the church to vacate the judgment by default final by Judge Hooks, and to dissolve the injunction, in so far as the judgment perpetually enjoins defendant from "appearing at the Haven Creek Baptist Church . . . or in the church building."

The motions of defendant and Lloyd Meekins and others were heard at the October Term 1960 of Dare County Superior Court by Bone, J., who entered a judgment denying all the motions.

Defendant excepted to Judge Bone's judgment, and appealed to the Supreme Court.

*Frank B. Aycock, Jr., for Plaintiffs, Appellees.*
*James R. Walker, Jr., for Defendant, Appellant.*

PARKER, J.　Defendant has one exception, and that is to the judgment of Judge Bone. This presents only the face of the record for

inspection or review. *King v. Rudd,* 226 N.C. 156, 37 S.E. 2d 116;
*Sprinkle v. City of Reidsville,* 235 N.C. 140, 69 S.E. 2d 179.

The face of the record shows that summons was duly served on
defendant on 20 February 1960, and at the same time a copy of the
summons, a copy of the verified complaint, and a copy of the temporary
restraining order were delivered to him, pursuant to the provisions of
G.S. 1-89, 1-94, and 1-121. The summons notified defendant in precise
language, pursuant to the provisions of G.S. 1-89, that if he failed
to answer the complaint within thirty days after the date of service,
the plaintiffs will apply to the court for the relief demanded in the
complaint. On 5 March 1960, the return date of the temporary re-
straining order, defendant personally appeared before Judge Morris,
and consented to the continuance of the temporary restraining order in
full force and effect until the final hearing of the action. The record
before us shows that at the time of the regular May Term 1960 of Dare
County Superior Court defendant had filed neither an answer nor a
demurrer, nor any other pleading in the action, and that defendant
had neither requested, nor been granted an extension of time in which
to plead, and that the time within which he could file pleadings had
long expired.

Defendant's failure to plead within the statutory time in response
to the summons and verified complaint personally served upon him
within the jurisdiction of the court, thereby admitting the allegations
of fact in the verified complaint, entitled plaintiffs to a judgment by
default final at the regular May Term 1960 of Dare County Superior
Court on the cause of action, if any, stated in the verified com-
plaint. *Junge v. MacKnight,* 137 N.C. 285, 49 S.E. 474, (reversing
the same case reported in 135 N.C. 105, 47 S.E. 452); *Lee v. Mc-
Cracken,* 170 N.C. 575, 87 S.E. 497; *Gillam v. Cherry,* 192 N.C. 195,
134 S.E. 423; *Beard v. Sovereign Lodge,* 184 N.C. 154, 113 S.E. 661;
*Land Bank v. Davis,* 215 N.C. 100, 1 S.E. 2d 350; *Presnell v. Beshears,*
227 N.C. 279, 41 S.E. 2d 835. See *Eason v. Dortch,* 136 N.C. 291,
48 S.E. 741, concurring opinion by *Montgomery, J.,* who wrote the
opinion of the Court in *Junge v. MacKnight,* 135 N.C. 105, 47 S.E.
452, in which he said the decision he wrote in the *Junge* case "was
erroneous."

A judgment by default must strictly conform to, and be supported by
the allegations of fact in the verified complaint. G.S. 1-226; *Pruitt v.
Taylor,* 247 N.C. 380, 100 S.E. 2d 841; *Simms v. Sampson,* 221 N.C.
379, 20 S.E. 2d 554; *Land Bank v. Davis, supra;* 49 C.J.S., Judgments,
Sec. 214, b.

The verified complaint alleges that Haven Creek Baptist Church,
Manteo, North Carolina, is congregational in its church polity, is a

self-governing unit, has no formal constitution or by-laws, and like other Baptist churches a majority of its members, nothing else appearing, controls its church property and the election or re-election of its pastor. *Windley v. McCliney*, 161 N. C. 318, 77 S.E. 226; *Reid v. Johnston*, 241 N.C. 201, 85 S.E. 2d 114.

The complaint alleges these facts: The defendant, the Rev. J. C. Simms, served as pastor of the Haven Creek Baptist Church for the year 1959. On 15 November 1959 an announcement was made that the regular annual business meeting for the election of officers and a pastor for the church would be held on Friday night, 27 November 1959. On the next Sunday, 22 November 1959, similar announcements were made at Sunday school and at the Baptist Training Union. The announcements and the holding of the regular annual meeting on 27 November 1959 were all made and done in accordance with the custom and usage of this church, just as elections had been held in previous years. At this meeting there was some support for the defendant, "but a majority of the members at the regular annual business meeting . . . have voted not to employ him (the defendant) as pastor." The secretary of the board of deacons notified defendant by letter of the action taken. Despite the action of a majority of the members of the church in not re-electing defendant as its pastor for the year 1960, defendant has returned to the church on every preaching Sunday in the year 1960 to the date of the filing of the complaint herein, has attempted to act as pastor, and has told various members of the church and its board of deacons that he intended to continue to attend this church and act as pastor, which is having a disruptive influence on the church and its worship service to its irreparable damage.

The subject matter of the action is in Dare County, and defendant was personally served with process within the jurisdiction of the court. The court has jurisdiction over the subject matter and the parties. There is no merit to defendant's contention that the court has no jurisdiction.

The manner of the calling of the regular annual business meeting of Haven Creek Baptist Church for 27 November 1959 and the holding of the meeting to ascertain the will of the members of the church were all made and done in accord with the customs and practices of the church, just as elections had been held in previous years, and was proper. *McDaniel v. Quakenbush*, 249 N.C. 31, 105 S.E. 2d 94.

The verified complaint states a good cause of action for injunctive relief to prevent defendant after the year 1959 from appearing at the church and acting or attempting to act as its pastor at a religious service or at any other church meeting, so long as he is not its pastor. It does not state a good cause of action against defendant for per-

petual injunctive relief to prevent him from merely appearing at the church, and Judge Hooks' judgment by default final in which he decreed "that the defendant be and he is hereby perpetually enjoined and restrained from appearing at the Haven Creek Baptist Church or trespassing on the grounds or in the church building" is not supported by the allegations of fact in the verified complaint, and is far in excess of the relief the law gives plaintiffs upon the facts alleged in their verified complaint. The complaint alleges a minority of the church members supports defendant. It is possible that a majority of the church members at a properly called meeting may decide in the future to elect defendant as its pastor. If that should occur, Judge Hooks' judgment as it stands would prevent defendant from even appearing at the church.

Defendant's failure to answer within the statutory time prevents him from denying any facts set forth in the verified complaint, and admits that plaintiffs are entitled to such relief as the law gives them upon the facts alleged, but he may be heard to object to the judgment by default final as not strictly conforming to, and being supported by the allegations of fact in the verified complaint.

Judge Hooks' judgment by default final, which grants relief in excess of that encompassed in the verified complaint, is irregular. *Pruitt v. Taylor, supra; Simms v. Sampson, supra; Land Bank v. Davis, supra; White v. Snow,* 71 N.C. 232. A motion in the cause is the proper course to obtain relief from such an irregular judgment. *Pruitt v. Taylor, supra; Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709; *Land Bank v. Davis, supra; Fowler v. Fowler,* 190 N.C. 536, 130 S.E. 315.

"An irregular judgment is not void. It stands as the judgment of the court unless and until it is set aside by a proper proceeding." *Collins v. Highway Commission, supra.*

Defendant filed his motion to vacate Judge Hooks' judgment by default final on 30 September 1960. It was heard at the October Term 1960 of Dare County Superior Court by Judge Bone. Defendant has been diligent to protect his rights. His motion shows that Judge Hooks' judgment by default final injuriously affects his rights, that he has stated meritorious grounds for relief, and that no rights of innocent third parties have intervened.

A judgment by default final restraining defendant, whom a majority of the members of this church has voted not to employ as its pastor after the year 1959, from appearing at this church after the year 1959 and acting or attempting to act as its pastor at a religious service or at any other church meeting, so long as he is not its pastor, violates no rights guaranteed to him by Article I, Sections 1, 17, 25 and 26

of the North Carolina Constitution, or by the 1st and 14th Amendments to the United States Constitution.

It may be stated in passing that there is no allegation in the complaint that defendant is a member of this church.

That part of Judge Bone's judgment denying the motion by Lloyd Meekins and other persons, who were not parties to the action, to vacate Judge Hooks' judgment and to dissolve the permanent injunction therein entered, is correct, was not appealed from by movants, and is affirmed. *Shaver v. Shaver*, 244 N.C. 309, 93 S.E. 2d 614. That part of Judge Bone's judgment denying defendant's motion to vacate Judge Hooks' judgment by default final cannot be sustained, and is remanded to the lower court for a judgment vacating that part of Judge Bone's judgment, and for the entry of a judgment by default final restraining defendant in accordance with the injunctive relief to which this opinion holds plaintiffs are entitled.

Affirmed in part.

Error and remanded in part.