ROADRUNNER MINING, ENGINEER-
ING & DEVELOPMENT COMPANY,
INC., Gwynne W. Ford, Mary Auxier
Hale, and William R. Clevenger, Mov-
ants,

v.

The BANK JOSEPHINE, a
corporation, Respondent.

Supreme Court of Kentucky.

Nov. 18, 1977.

W. Sidney Trivette, Gary C. Johnson,
Pikeville, for appellants.

Joe Hobson, Prestonsburg, for appellee.

PALMORE, Chief Justice.

In a foreclosure suit brought by the Bank
Josephine against Roadrunner Mining, En-
gineering and Development Company, Inc.,
Gwynne W. Ford, Mary Auxier Hale, and
William W. Clevenger on five promissory
notes the Pike Circuit Court entered a de-
fault judgment aggregating $271,877.89.[1]

---

1. For the sake of simplicity, the figures used in this opinion represent only the amounts of principal, excluding interest.

Having failed in their efforts to have this judgment set aside, the defendants appealed to the Court of Appeals, which affirmed the judgment. Discretionary review has been granted because the case presents new questions with respect to CR 5.01 (requirement of service), CR 15 (amendment of pleadings), CR 54.03 (demand for judgment), and CR 55 (default judgment) that need to be resolved by this court.

The dates, face amounts, and unpaid balances demanded by the complaint were as follows:

| Date | Face amount | Unpaid balance |
|---|---|---|
| 1–18–1975 | $161,653.92 | $148,197.76 |
| 3–4– 1975 | 36,403.20 | 34,827.15 |
| 3–17–1975 | 48,629.76 | 46,618.52 |
| 5–23–1975 | 72,859.44 | 69,838.63 |
| 5–25–1975 | 42,235.68 | 40,490.86 |
| Total demand | | $339,972.92 |

The suit was filed on November 24, 1975. Service of process on the several defendants was completed on May 5, 1976. None of the defendants having responded, on June 7, 1976, the bank moved for a default judgment against them, but before having such a judgment entered, on June 10, 1976, it filed an amended complaint changing the amounts demanded on the notes as follows:

| Complaint | Amended Complaint | Difference |
|---|---|---|
| $148,197.76 | $148,482.76 | $ 285.00 |
| 34,827.15 | 35,740.75 | 913.60 |
| 46,618.52 | 46,903.52 | 285.00 |
| 69,838.63 | None | (69,838.63) |
| 40,490.86 | 40,750.86 | 260.00 |
| Totals | $271,877.89 | (68,095.03) |

The amended complaint explained that the fourth note, on which the original complaint had demanded $69,838.63, had been paid through sale of a rotary drill pursuant to a security agreement. It did not explain the adjustments by which $1743.60 was added to the amounts demanded on the other four notes.

A default judgment for the amounts demanded by the amended complaint was entered on June 11, 1976, but on June 16, 1976, the bank moved to set it aside because it did not correctly set forth the personal property upon which plaintiff had a lien to secure the various notes. The motion was granted and the judgment was set aside on June 18, 1976. Meanwhile, on June 16, 1976, the bank filed a second amended complaint correcting the descriptions of the various items of personal property which had been hypothecated as security for the notes. The final default judgment, from which the appeals were taken, was entered on June 18, 1976, the same day the first judgment was vacated.

In the course of the next two weeks the defendants filed motions asking that the judgment be set aside and that they be permitted to file responsive pleadings. Following arguments of counsel the motions were denied.

CR 55.02 authorizes the trial court to set aside a default judgment for "good cause shown . . . in accordance with Rule 60.02." Among the grounds enumerated in CR 60.02 the only one applicable in this instance would be that the judgment was void. The appellants contend it was void because (1) the second amended complaint was filed without leave of court or consent of the adverse parties as required by CR 15.01 and (2) one or both of the amended complaints asserted "new or additional claims for relief" without the issuance of a new summons as required by CR 5.01.

■ With respect to the first point, CR 15.01 provides that a party "may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While it might be argued that leave of court should not be necessary when the adverse party is in default and is not entitled to notice under CR 5.01, CR 15.01 does not expressly allow for such an exception. Technically, therefore, the amended complaints in this action were unauthorized when filed. Nevertheless, what better "leave of court" could there be than a judgment entered pursuant to the amendment?

As in the familiar instance of principal and agent, that which could have been authorized in advance can be ratified afterward.

■ The second point is more difficult. The question is whether an increase in the amount of recovery sought is an additional claim for relief within the meaning of CR 5.01. Surprisingly, the woods are not full of law on the subject, but what little there is suggests a concurrence in holding that a default judgment cannot be taken for more than was claimed in the pleading or pleadings to which the party in default had the opportunity of responding. For example, A sues B for $5,000; B knows that he owes it and for that reason chooses not to contest it; A then increases his claim to $10,000; B must be given the opportunity of contesting it; that opportunity is provided by service of a summons, the traditional vehicle of due process. See, for example, *Pruitt v. Taylor,* 247 N.C. 380, 100 S.E.2d 841 (1957),[2] and Freeman on Judgments §§ 1292, 1295 (5th ed. 1925).

This, however, is an unusual case. Although the amounts claimed by the amended complaints on four of the five notes exceeds by a total of $1743.60 the amounts set forth in the original complaint on those particular counts, the aggregate sum demanded by the amendments and carried into the default judgment is $68,095.03 less than the total recovery originally sought. To that extent, of course, we suspect that the defendants would find the amendments perfectly agreeable. After all, their default exposed them to a judgment of $339,972.92 rather than $271,877.89.

During oral argument of the case it was conceded by counsel that the sum of $1743.60 represented recoverable costs incurred by the bank in selling the rotary drill to satisfy the fourth note. This charge was simply spread over the remaining four notes. From our inspection of the various financial statements and security agreements appended to the complaint as exhibits it appears that all of the notes were secured by liens on all of the personal property.[3] Thus it seems to us that it would have been permissible for the bank to reduce its claim on the fourth note from $68,838.63 to $1743.60 instead of allocating the latter sum as a charge on the other notes. That it chose the less orthodox course was more a matter of bookkeeping than of legal substance. It was not compelled to credit the entire proceeds of the sale to the fourth note alone. Under the circumstances we hold that the $1743.60 addition to the other four notes did not constitute a new or additional claim within the meaning of CR 5.01.

For the reasons herein set forth the judgment of the Court of Appeals is affirmed.

All concur.

**2.** The statutes applicable in North Carolina were comparable with our Civil Rules in the same procedural area. Whereas North Carolina's G.S. § 1–226 provided, "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in his complaint," our CR 54.03 says, "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

**3.** Each of the security agreements covered "all sums of money which BANK heretofore has advanced, loaned or hereafter advances or lends to DEBTOR," etc.