Pearson, C. J.
 

 Where there is reason to apprehend ‘that the subject of a controversy in equity will be destroyed, or removed, or otherwise disposed of by the defendant., pending the suit, so that the complainant may lose the fruit of his recovery, or be hindered an.d delayed in obtaining it, the court, in aid of the primary -equity, will secure the fund by the writ of sequestration, <or the writs of seques
 
 *30
 
 tration and injunction, until the main equity is adjudicated at the hearing- of the cause.
 

 These writs are extraordinary process, and .to sustain them, on a motion to dissolve the injuction and remove the sequestration, the court must be satisfied: 1st, that the complainant does not sue in a mere spirit of litigation, and seek to set up an unfounded claim, but has
 
 “
 
 probable cause,” and may at the hearing be able to establish his primary equity ; 2d, that its extraordinary process is not asked for simply to vex and embarrass the defendant, but because there is reasonable ground for apprehension in regard to the security of the fund pending the litigation.
 

 At this stage of the proceeding there is nothing before the court but the bill, answer and exhibits ; and treating the bill as an affidavit in support of the complainant’s allegations, the court, upon that, in connexion with the answer and exhibits, is, taking the whole matter together, to decide the question of probable cause in regard to the primary equity, and the question of a reasonable apprehension as to the security of the fund.
 
 McDaniel
 
 v.
 
 Stoker,
 
 5 Ire. Eq., 214.
 

 These principles are
 
 settled,
 
 and so fully sustain the order appealed from, that we can account for the appeal, only by supposing that the distinction between cases of special injunction and sequestration, like the one before us, and cases of the common injunction to prevent a party who has obtained a judgment at law from suing out execution (where the rule is, the injunction will be dissolved on the coming in of the answer, unless the equity be confessed, or the answer be insufficient or evasive, see
 
 Capehart
 
 v.
 
 Mhoon,
 
 Bus. Eq., 31,) was not adverted to.
 

 How the facts may be declared to be at the hearing of the cause, will depend on the
 
 proofs.
 
 It is sufficient to say that, as they now appear to be upon the bill and answer, we are satisfied that the complainant haa probable cause in support
 
 *31
 
 of his equity, and that there is reasonable ground to apprehend that the defendant, unless restrained, inasmuch as he sets up an
 
 exclusive
 
 claim to the cotton, would remove and dispose of it in violation of the agreement alleged by the complainant, whereby the latter would be hindered and delayed in having the decree enforced, should the case be decided in his iavor. We refrain from entering into any discussion of the facts, in order to have the matter open until the cause is brought on for hearing.
 

 In the mean time the parties may enter into such an arrangement as their
 
 common
 
 interests suggest, in order to have the cotton sold at the present high prices, and the proceeds of sale held subject to the final decree.
 

 Per Curiam.
 

 Decretal order affirmed.