GEORGE WINDLEY ET ALS., TRUSTEES, v. HARMON McCLINEY ET AL., TRUSTEES.

(Filed 19 February, 1913.)

1. **Religious Denominations—Free-Will Baptist—Independent Government—Majority Rule.**

    The colored "Free-Will Baptist Church" at Pantego, like all other Baptist churches, is congregational in its church polity. Each congregation is independent in government, and a majority of its members control.

2. **Same—Church Polity—Conference—Injunction—Rights of Members.**

    A "Free-Will Baptist Church" held its property under a deed made to its trustees in that name. The congregation of this church united with other churches in an annual conference known as "United American Free-Will Baptist," which adopted a certain discipline at one of the conferences, which was subsequently revised, but there was a division, and at the next conference those churches which had voted to reject the revision were denied a seat in the conference. Thereafter the members of this church by a divided vote adopted the conference revision, whereupon the minority withdrew and chose another pastor. Subsequently the majority of the congregation of the church elected

WINDLEY *v.* McCLINEY.

trustees for the property, and chose a pastor. It appeared that there was no difference in doctrine or denominational creeds. In an action to enjoin the majority faction from worshiping in the church building, owned by the congregation, it is *Held,* the congregation had a right to join the conference and adopt its discipline, but this did not destroy their individuality and independence as a congregation, and that neither faction had the authority to exclude the other from worshiping in the church, the ownership of the church building being in the whole membership, its use controlled under the majority rule.

APPEAL from Beaufort, heard before *Bragaw, J.,* at chambers, 18 December, 1912.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Daniel & Warren and R. T. Martin for plaintiffs.*
*Ward & Grimes for defendants.*

CLARK, C. J. The plaintiffs, representing 55 of the membership of the colored Free-Will Baptist Church at Pantego, brought this action against the defendants, representing 105 of said membership, to restrain them from worshiping in the church building which was owned by the congregation. The case in its general features nearly resembles that of *Conference v. Allen,* 156 N. C., 524, which is decisive of this case.

This church, like all Baptist churches, was congregational in its church polity and each congregation is independent in government, and a majority of its members control. The judge finds as facts that this and other colored Baptist churches of that section united in an annual conference known as "United American Free-Will Baptist" church, and adopted a discipline; that in one of these conferences held in 1908 there was a revision of the discipline, on which subject there was a division, and at the next conference those churches which had voted to reject the revision were denied a seat in the conference. That subsequently, at a quarterly meeting of the Pantego Church, 30 August, 1912, being the regular annual meeting for the election of a minister for said church, Rev. John Windley was elected pastor by a vote of 105 to 55, and at the same time the congregation voted to adopt the revised discipline. Thereupon the minority (whom the plaintiffs in this case represent) withdrew

and chose another pastor.  Subsequently, in October, 1912, the congregation by a vote of 105 elected a board of trustees, who are the defendants in this action, together with the pastor, said Rev. John Windley.  The judge further finds as facts that "neither the General nor Annual Conference of the United American Free-Will Baptist Church (with which the defendants affiliate), nor the Annual Conference of the Free-Will Baptists (with which the plaintiffs affiliate) has any control or governmental authority over the individual congregation, but that each congregation owns its own property, elects its own pastor, trustees, and other officers.  That this church property at Pantego was purchased by the congregation collectively, without any assistance from any organization of any denomination."  He further finds that the discipline adhered to respectively by the plaintiffs and defendants "are not essentially different in doctrine and do not represent different denominational creeds; that the said denomination is not controlled by a bishop, but is congregational, and the annual conferences are merely an association of churches for the purpose of joining their efforts for general church work, but that the individual churches, with respect to their local work and local self-government, are independent; that since the election on 30 August, 1912, and the withdrawal of the minority (55 members), the names of those withdrawing have been dropped from the roll of the Pantego Church, no effort having been made by the minority to participate in the meetings of the majority remaining at the time of the withdrawal."  Upon the above findings the court dissolved the restraining order and held that the defendants were entitled to the free and unrestrained use of the church building, but that his judgment should not be construed as restraining the plaintiffs or any other members of the congregation from attending the regular religious services held by the majority of members of the congregation.

If it had appeared that there had been a change in church doctrine or in church polity, so material as to make the holding of the church by the defendants in effect a transfer to another denomination, a very different question would have been presented (*Nash v. Sutton,* 117 N. C., 233) which we are not now called upon to decide.  It is true that the deed for the church

property was made to the trustees of the "Free-Will Baptist Church (Colored)," but subsequently thereto, in 1890, this congregation united with other churches and changed their designation to the "United American Free-Will Baptist Church." In 1908 there was a revision of the discipline, for which the delegate of Pantego Church voted, and the majority of its members by vote indorsed that action. The majority, 105 in number, are in possession of the church and are represented by the defendants in this action. The minority, consisting of 55, objecting to the revision and styling themselves simply the "Free-Will Baptist Church," are claiming to control because this was the original designation of the church at the time the deed was made. This is the point in the controversy.

It is true that the deed was made to "Trustees of the Free-Will Baptist Church of Pantego"; but the congregation had the right to join an annual conference or association styling itself "United American Free-Will Baptist," and to adopt a discipline prescribed by such conference. This did not destroy their individuality and independence as a congregation nor cause them to cease to be "The Free-Will Baptist Church of Pantego." Indeed, the prefix "United American" before the words "Free-Will Baptist" simply showed an association of the churches of the latter order. The congregation voted to join that conference in 1890, and adopted its discipline without any division. The controversy over the revision of that discipline the judge finds was not as to a matter causing an essential or material change in church doctrine. On examination of the discipline sent up in the record, we are of opinion that the revision does not change in any way the identity of Pantego Church. It is still, as styled in the deed, "The Free-Will Baptist Church" of Pantego.

The plaintiffs asked the court below to exclude 105 members. The judgment excludes neither the 105 represented by the defendants nor the 55 represented by the plaintiffs, but permits all to attend, and recognizes the ownership and control of the church as being in the whole membership, and that their will must be determined by the majority.

Affirmed.