FRED EDMONDS AND WIFE, MARY C. EDMONDS, v. OTTIS HALL AND WIFE, LETHA HALL.

(Filed 17 September, 1952.)

**1. Injunctions § 41—**

By subsidiary injunction proceedings a party to an action may be restrained from committing an act respecting the subject of the action which would render judgment therein ineffective; but continuance of such restraining order must be based upon findings that there is probable cause plaintiff will be able to establish the right asserted in the main action and

that there is reasonable apprehension of irreparable loss unless such temporary order remains in force. G.S. 1-485 (2).

**2. Appeal and Error § 40d—**

The presumption that the court found facts sufficient to support its decree does not obtain where the judgment contains a recital of the specific facts upon which the challenged decree is based.

**3. Injunctions § 8—**

Findings that a valid controversy exists between the parties and that the rights of plaintiffs to the relief sought in the main action would be defeated if defendants were permitted to commit the act sought to be restrained *held* insufficient to support an order continuing the subsidiary injunction to the hearing, there being no finding that plaintiffs probably will be able to establish the right to the relief sought in the main action or that failure to restrain plaintiffs would probably result in irreparable loss to defendants.

**4. Injunctions § 8—**

Where order continuing a temporary injunction to the hearing is not based upon sufficient findings, the order continuing the temporary restraining order will be set aside, but the temporary order will remain in full force and effect pending further orders of the lower court.

APPEAL by defendants from *Bobbitt, J.,* holding the Superior Courts of the Nineteenth Judicial District, at Chambers in Asheville, 13 May, 1952, from MADISON.

Civil action for injunctive relief to restrain the defendants from obstructing an alleged permissive roadway which leads through a mountain gorge, from the plaintiffs' farm, across the defendants' lands out to the public road, pending determination of a companion proceeding instituted by the plaintiffs before the Clerk to have the roadway established as a cartway under the provisions of G.S. 136-68 *et seq.*

By temporary order signed the day the summons was served, the defendants were restrained from obstructing the roadway until the further order of the court. Later, when the show cause order came on for hearing, the judge, after hearing and considering the affidavits offered by both sides, found facts in pertinent part as follows:

1. ". . . that there is a valid controversy existing between the plaintiffs and defendants as to whether or not the cartway described in the petition is the only practical and feasible way over which the petitioners can secure access to the public highway from their farm lands described in the petition lying south of the gorge which is alleged to be the only feasible way out for a cartway to said public highway";

2. "that a valid controversy exists between said plaintiffs and defendants as to whether the point where said cartway now runs is the only place where a cartway could be located so as to enable the plaintiffs to reach said public highway from their said farm lands and that the defendants

have begun blocking or are threatening to block the construction of said cartway through said gorge where the same has been used as such by the plaintiffs and their predecessors in title for more than fifty years and there is a further controversy as to whether or not there are other places on the defendants' lands located at different points than where there has been an attempt by the defendants to block said cartway feasible for the construction of a house";

3. "that a special proceeding has been instituted by the plaintiffs before the Clerk of the Superior Court of Madison County to lay off a cartway from plaintiffs' lands lying south of the defendants' lands and that the Clerk of said Court has duly entered an order appointing jurors and ordering them to lay off a cartway from defendants' said lands to the public highway"; and

4. "that the defendants have begun the construction of a house site and are contemplating the immediate construction of a residence thereon which would completely block said cartway at the point in said gorge described in said petition and that the rights of the plaintiffs to have said matter in controversy finally determined in the cause would be defeated by the construction of a residence at the point contemplated in said gorge."

Upon the foregoing findings Judge Bobbitt entered an order continuing the temporary restraining order until the final determination of the special proceeding to establish the cartway.

To the entry of the order the defendants excepted and appealed therefrom to this Court.

*Carl R. Stuart for defendants, appellants.*

*Calvin R. Edney and Geo. M. Pritchard for plaintiffs, appellees.*

JOHNSON, J.   The defendants' only exception is to the order continuing the temporary restraining order until the final determination of the cartway proceeding.   Therefore the single question presented by this appeal is whether the facts found by the court below are sufficient to sustain the order.   *Sprinkle v. Reidsville,* 235 N.C. 140, 69 S.E. 2d 179.

The rule that prevailed under the old equity practice is stated thus by *Pearson, J.,* in *Parker v. Grammer,* 62 N.C. 28 : "Where there is reason to apprehend that the subject of a controversy in equity will be destroyed, or removed, or otherwise disposed of by the defendant, pending the suit, so that the complainant may lose the fruit of his recovery, or be hindered and delayed in obtaining it, the court, in aid of the primary equity, will secure the fund by the writ of sequestration, or the writs of sequestration and injunction, until the main equity is adjudicated at the hearing of the cause."

Substantially the same rule applies under the present practice, but, by virtue of the Code of Civil Procedure, adopted in 1868, it is extended to cases in which legal, as well as equitable, relief is sought and it is necessary to preserve the property until the right thereto can be adjudicated.

Our present statute, which stems from the original Code, provides that "Where, during the litigation, it appears by affidavit that a party thereto is doing, or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party to the litigation respecting the subject of the action, and tending to render the judgment ineffective," an order may issue to restrain such act until the rights of the parties can be determined. G.S. 1-485 (2).

And a court of equity, or a court in the exercise of its equity powers, may use the writ of injunction as a remedy subsidiary to and in aid of another action or special proceeding. *Wilson v. Alleghany Co.,* 124 N.C. 7, 32 S.E. 326, and cases there cited; 43 C.J.S., Injunctions, Sec. 13; 28 Am. Jur., Injunctions, Sec. 14. See also 43 C.J.S., Injunctions, Sec. 19. However, in such cases, in order to justify continuing the writ until the final hearing, ordinarily it must be made to appear (1) that there is probable cause the plaintiff will be able to establish the asserted right, and (2) that there is a reasonable apprehension of irreparable loss unless the temporary order of injunction remains in force, or that in the opinion of the court such injunctive relief appears to be reasonably necessary to protect the plaintiff's rights until the controversy can be determined. *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383; *Cobb v. Clegg,* 137 N.C. 153, 49 S.E. 80. See also McIntosh, N. C. P. & P., Sec. 873.

In the present case the record contains a recital of specific facts found by the judge upon which the challenged decree is based. This being so, the plaintiffs may not call to their aid the rule that where no request is made for specific findings, and none are recited, the presumption is that the court found facts sufficient to support the decree. *Hall v. Coach Co.,* 224 N.C. 781, 32 S.E. 2d 325; *Young v. Pittman,* 224 N.C. 175, 29 S.E. 2d 551. Here the plaintiffs are bound by the court's recital of facts as found. And these in substance are that: "a valid controversy" exists between the plaintiffs and defendants respecting these three questions: (1) whether the only feasible way out from the plaintiffs' farm to the public road is by statutory cartway across the defendants' lands; (2) whether the location as sought by the plaintiffs—which the defendants are attempting to obstruct by the erection of a house—is the only feasible location for the proposed cartway; and (3) whether there is any other feasible place on the defendants' lands for the erection of their proposed house. True, these specific findings are followed by a general finding or conclusion that the rights of the plaintiffs to have the controversy deter-

mined in the cartway proceeding would be defeated by permitting the defendants to construct the house at the point contemplated by them. Nevertheless, it is manifest that the recited findings in their totality are insufficient to support the decree continuing the temporary restraining order until the final determination of the cartway proceeding.

The findings are silent on the essential question whether probable cause exists that the plaintiffs will be able to establish the asserted primary right. And nowhere is it found that irreparable loss, or its equivalent, may reasonably be apprehended unless the temporary restraining order is continued to the final hearing.

In this state of the record, it appears that the order appealed from was erroneously entered and must be set aside, and it is so ordered. The cause will be remanded to the court below for such further proceedings and orders as may be appropriate, on motion of the interested parties, under the usual practice and procedure and in accord with this opinion.

As to the temporary restraining order issued by Judge Bobbitt the day the summons was issued, the facts found therein appear to be sufficient to sustain it. Besides, it stands unchallenged by the defendants. Therefore it will remain in full force and effect pending further order of the court below.

Error and remanded.