123 S.E.2d 619 (1962)
256 N.C. 128
The WESTERN CONFERENCE OF ORIGINAL FREE WILL BAPTISTS OF NORTH CAROLINA, an unincorporated religious association, et al.
v.
Ronald CREECH.
J. G. TEASLEY et al.
v.
Ronald CREECH.
The WESTERN CONFERENCE OF ORIGINAL FREE WILL BAPTISTS OF NORTH CAROLINA, an unincorporated religious association, et al.
v.
James A. MILES et al.
No. 674.
Supreme Court of North Carolina.
January 12, 1962.
*626 Fletcher, Lake & Boyce, Raleigh, for defendants-appellants.
Jones & Vann, Durham, and Clarence Kirk, Wendell, for plaintiffs-appellees.
MOORE, Justice.
We do not decide here the ultimate questions and issues raised by the pleadings. Defendants appeal from temporary restraining orders. The sole question before us is whether or not the court erred in granting the temporary injunctions pending trial on the merits. Public Service Co. v. City of Shelby, 252 N.C. 816, 115 S.E.2d 12.
Ordinarily a temporary injunction will be granted pending trial on the merits, (1) if there is probable cause for supposing that plaintiff will be able to sustain his primary equity, and (2) if there is reasonable apprehension of irreparable loss unless injunctive relief be granted, or if in the court's opinion it appears reasonably necessary to protect plaintiff's right until the controversy between him and defendant can be determined. Edmonds v. Hall, 236 N.C. 153, 72 S.E.2d 221.
It ordinarily lies in the sound discretion of the court to determine whether or not a temporary injunction will be granted on hearing pleadings and affidavits only. In the exercise of such discretion the court should consider the inconvenience and damage to defendant as well as the benefit that will accrue to the plaintiff. Public Service Co. v. City of Shelby, supra; Lance v. Cogdill, 238 N.C. 500, 78 S.E.2d 319; Huskins v. Yancey Hospital, Inc., 238 N.C. 357, 78 S.E.2d 116.
On appeal we are not bound by the findings or ruling of the court below *627 in injunction cases, but may review the evidence on appeal. "Even so, there is a presumption that the judgment entered below is correct, and the burden is upon appellant to assign and show error." Lance v. Cogdill, supra.
Defendants contend that Edgemont Church is an independent, autonomous, congregational church and its association with the Western Conference is on a voluntary basis. Windley v. McCliney, 161 N.C. 318, 319, 77 S.E. 226. Plaintiffs, on the other hand, contend that it is, in part at least, a connectional church, is subject to the Discipline, customs and usages of the Original Free Will Baptists of North Carolina, and the Western Conference is the highest tribunal and final disciplinary authority over the local church. Lumbee River Conference of Holiness Methodist Church v. Locklear, 246 N.C. 349, 98 S.E. 2d 453. A church may be congregational in some respects and connectional in others.
On final hearing it must be determined to what extent, if any, the Western Conference has authority and jurisdiction (1) to decide between factions in a member congregation, and determine whether or not a faction has forfeited the right to be recognized as the true congregation by reason of departure from the faith and policy of the denomination, and (2) to ordain, try, discipline, revoke ordination, and restore ministerial credentials to member ministers.
Such matters are, of course, ecclesiastical in nature and in the establishment and exercise of church polity the civil courts have no jurisdiction or right of supervision. Bouldin v. Alexander, 15 Wall. 131, 21 L.Ed. 69; Watson v. Jones, 13 Wall. 679, 20 L.Ed. 666; Reid v. Johnston, 241 N.C. 201, 85 S.E.2d 114. "* * (W)henever the questions of discipline, or of faith, or ecclesiastical rule, custom, or law have been decided by the highest of the church judicatories to which the matter has been carried, the legal tribunals must accept such decisions as final, and as binding on them, in their application to the case before them." Watson v. Jones, supra. "The legal or temporal tribunals of the State have no jurisdiction over, and no concern with, purely ecclesiastical questions and controversies * * * but the courts do have jurisdiction, as to civil, contract and property rights which are involved in, or arise from, a church controversy." Reid v. Johnston, supra. Where civil, contract or property rights are involved, the courts will inquire as to whether the church tribunal acted within the scope of its authority and observed its own organic forms and rules. 45 Am.Jur., Religious Societies, s. 41, pp. 750-752. In the instant case the civil and contract rights of Rev. Creech and the property rights of the Edgemont Church congregation are involved.
From the evidence in the record there is probable cause for supposing that plaintiffs, at trial on the merits, can show that the Western Conference had authority to revoke the rights and credentials of Rev. Creech to act as pastor of the Edgemont Church and to forbid him to hold himself out as an Original Free Will Baptist minister by reason of endorsement by and membership in the Western Conference, and to determine that the Miles faction is not the true congregation of the Edgemont Church by reason of departure from the articles of faith and polity and from the customs and usages of the denomination; and that it, the Western Conference, acted within the scope of its authority and in accordance with its forms and rules.
Even so, in our opinion the orders appealed from grant relief, in certain respects, in excess of that to which plaintiffs are entitled upon the facts alleged in their pleadings, and in excess of the court's jurisdiction. Collins v. Simms, 254 N.C. 148, 118 S.E.2d 402.
There is no showing that the Western Conference has any authority and jurisdiction beyond the churches and ministers which are its members. There is no allegation that Rev. Creech has attempted or threatened to exercise any ministerial *628 functions with respect to any member churches of the Western Conference other than Edgemont Church. Moreover, the court is without jurisdiction to prescribe rules or conditions for readmission of Creech to good standing in the Edgemont Church or the Western Conference, for this is an ecclesiastical matter. We are advised that the order in case No. 4737 (Teasley faction v. Creech) has been modified so as to permit Creech to occupy the parsonage of the Edgemont Church pending the final determination of the action. If true, such order is effective and binding since there is no appeal therefrom.
The court is without authority and jurisdiction to prescribe rules or conditions by which members of the Miles faction may be restored to membership in the true congregation of Edgemont Church, assuming they are not such presently, since this is also an ecclesiastical matter.
The order in case No. 4738 (Western Conference and Teasley faction v. Miles faction) takes the church properties and records from the use and possession of one faction and gives them exclusively to the other faction before there has been a final determination of the question as to which is the true congregation of the Edgemont Church. This is contrary to the rulings of courts of equity in such situations. Fredericks v. Huber, 180 Pa. 572, 37 A. 90; 45 Am.Jur., Religious Societies, s. 64, p. 775. It might be finally determined that the true congregation consists of both factions. Windley v. McCliney, supra. Furthermore, it is the purpose of a temporary injunction to maintain as nearly as possible the status quo. Roberts v. Town of Cameron, 245 N.C. 373, 95 S.E.2d 899. Provision should have been made for the two factions to share the use and possession of the church properties on an equal basis.
The Superior Court will modify the orders appealed from in accordance with this opinion. In all other respects the orders are affirmed.
Modified and affirmed.