LUCAS v. BRITT.

---

HENNIE P. LUCAS v. HENRY HAROLD BRITT.

(Filed 2 June, 1965.)

**Appeal and Error § 1—**

> The conclusion to be reached upon conflicting evidence is the province of the jury and its verdict is conclusive on appeal.

APPEAL by defendant from *Hall, J.,* November 1964 Civil Session of ROBESON.

Plaintiff instituted this action to recover damages resulting from a collision between an automobile operated by her and an automobile operated by defendant. The usual issues of negligence, contributory negligence and damage were submitted to a jury. It answered the first issue "yes," the second "no," and fixed the compensation to which plaintiff was entitled. Judgment for plaintiff, in accordance with the verdict, was entered.

*Johnson, McIntyre, Hedgepeth, Biggs & Campbell for defendant appellant.*

BOARD OF ARCHITECTURE *v.* LEE.

*Henry & Henry for plaintiff appellee.*

PER CURIAM. Defendant has no exception to the evidence. The charge was omitted from the record. Appellant, in his brief, asks only one question: Did the court err in refusing to allow his motion to non-suit?

In the absence of the charge, we must assume that the court made it clear to the jury that their answers to the issues submitted depended entirely on their evaluation of conflicting testimony. The collision occurred in the daytime. Plaintiff was traveling east on U. S. Highway #74. Defendant was traveling west. Plaintiff alleged defendant drove his car into that portion of the highway set aside for eastbound traffic, causing a collision which occurred 3.4 feet south of the center line of the highway. Her evidence, viewed in the light most favorable to her, supports her allegation.

Defendant testified the collision occurred in his lane of travel; plaintiff went to sleep; she turned from her proper lane into defendant's lane, hit an embankment on the north side of the road; she sought to get back into her lane, at which time the collision occurred. Plaintiff, on cross examination, admitted when she first saw defendant she was in the center of the road; she immediately turned right into her lane. The two vehicles were then 100 yards apart.

Resolution of the factual controversy, disclosed by the evidence, was properly left to the jury. Conflicts in evidence do not present questions of law. *Watt v. Crews,* 261 N.C. 143, 134 S.E. 2d 199; *Bridges v. Graham,* 246 N.C. 371, 98 S.E. 2d 492. If, as defendant contends, the jury reached a wrong result, we are without power to correct the error. See concurring opinion of Barnhill, C.J. in *Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644.

Affirmed.