HERMAN FLAKE BRASWELL, INDIVIDUALLY, AND CLYDE M. HUNTLEY, INDIVIDUALLY AND ALSO AS BISHOP AND ELDER OF THE SHILOH TRUE LIGHT CHURCH OF CHRIST, RESPECTIVELY AND THE SHILOH TRUE LIGHT CHURCH OF CHRIST v. JAMES ROMMIE PURSER, JAMES TED GRIFFIN, MARLEY C. GRIFFIN, ROBERT L. WATSON AND TIMMY EARP
— AND —
JAMES ROMMIE PURSER, INDIVIDUALLY, AND AS ELDER OF THE SHILOH TRUE LIGHT CHURCH OF CHRIST, ROBERT L. WATSON, INDIVIDUALLY, AND AS DEACON OF THE SHILOH TRUE LIGHT CHURCH OF CHRIST ON BEHALF OF THE SHILOH TRUE LIGHT CHURCH OF CHRIST AND THE MEMBERS THEREOF v. HERMAN FLAKE BRASWELL, CLYDE M. HUNTLEY, NANCY HUNTLEY, M. E. AUSTIN, DEVON HILL, NETTIE S. HORD, GLENN E. AUSTIN, PHYLLIS ANN AUSTIN, AND ALL OTHER PERSONS IN ACTIVE CONCERT WITH THEM

No. 73

(Filed 13 December 1972)

1. Religious Societies and Corporations § 3— jurisdiction of court — determination of type of church organization

The courts of the State have jurisdiction as to civic, contract and property rights which are involved in or arise from a church controversy, including the right to determine the type organization of a particular church.

2. **Religious Societies and Corporations § 2— connectional church — congregational church**

Churches whose organization is connectional are governed by larger bodies and bear the same relationship to the governing body as counties bear to the State, while churches which are congregational are subject to no control or supervision by a higher body but are governed by the majority of their own members.

3. **Appeal and Error § 1— conflicting evidence — jury finding binding on appeal**

The finding by the jury, upon conflicting evidence, that the church in question was congregational in its church polity is conclusive on appeal, the jurisdiction of the Supreme Court being limited to matters of law and legal inference.

4. **Religious Societies and Corporations § 2— congregational church — leadership determined by majority vote**

Where the church in question as a congregational church selected appellee Purser as its elder by a majority vote, the Conference or association in which appellant Braswell claimed leadership had no authority to appoint an elder or overrule the local church in its selection of Purser as its elder.

APPEAL by plaintiffs *(Braswell v. Purser)* and defendants *(Purser v. Braswell)* under G.S. 7A-30(2) from decision of the Court of Appeals which affirmed the judgment entered by *Stukes, District Judge,* 29 November 1971 Session of MECKLENBURG District Court.

These two cases involve a dispute between Herman Flake Braswell and James Rommie Purser, and supporters of each, over the leadership of the Shiloh True Light Church of Christ. The first action was instituted on 31 December 1969 by "Herman Flake Braswell, Individually and Clyde M. Huntley, Individually and also as Bishop and Elder of the Shiloh True Light Church of Christ, Respectively and the Shiloh True Light Church of Christ v. James Rommie Purser, James Ted Griffin, Marley C. Griffin, Robert L. Watson and Timmy Earp." The second action was instituted on 4 March 1970 by "James Rommie Purser, Individually, and as Elder of the Shiloh True Light Church of Christ, Robert L. Watson, Individually, and as Deacon of the Shiloh True Light Church of Christ on Behalf of the Shiloh True Light Church of Christ and the members thereof v. Herman Flake Braswell, Clyde M. Huntley, Nancy Huntley, M. E. Austin, Devon Hill, Nettie S. Hord, Glenn E. Austin, Phyllis Ann Austin, and all other persons in active concert with them."

The allegations and testimony of Herman Braswell and his supporters may be summarized as follows: A number of True Light Churches of Christ, including the Shiloh Church, exist in North and South Carolina. These churches, sometime called societies, are organized in a connectional form of ecclesiastical government. A head elder or head bishop, selected by the elders, preachers and deacons from the various societies duly assembled in conference, is the temporal head of the True Light Churches. The head elder is authorized to appoint elders for each of the local churches or societies. The term "elder" as here used is substantially synonymous with the term "minister." Prior to his death on 23 December 1969 E. H. Mullis served in the dual capacity of elder of the Shiloh Church and head elder of all the True Light Churches. After Mr. Mullis's death, on 26 December 1969 a conference of the elders, preachers and deacons of the various True Light societies elected Herman Flake Braswell as the head elder of the True Light Church. Mr. Braswell as head elder appointed Clyde M. Huntley (now deceased) as the elder of the Shiloh True Light Church. On Sunday, 28 December 1969, Braswell, as head elder, went to the Shiloh Church for the purpose of presiding over a regular worship service. There he was forcibly removed from the church and threatened with physical violence to himself and his supporters if he continued in his efforts to carry out the duties of his office. Braswell further alleges that he and his supporters have the right to control the organizational machinery of the Shiloh Church, and that James Purser and his supporters have usurped control of the church without legal right and by means of unlawful physical force.

Conversely, James Purser and his supporters allege in their complaint and offer testimony tending to show that the True Light Church of Christ was formerly a collection of five or six congregationally governed churches, with each church or society having total autonomy over its affairs and selection of its leadership; that one of these churches closed in 1928 and the remaining True Light Churches, with the exception of Shiloh, closed during the period from 1966 through 1969, and Shiloh is now the only True Light Church still active. On 14 January 1970, at a duly called meeting of the membership of the Shiloh Church, James Purser, who had served as assistant to Elder E. H. Mullis prior to his death, was elected elder of the church by the members with a vote of 323 for and 3 against. On Sunday, 1 March 1970, a group under the constructive control of Braswell

attempted to disrupt a regularly scheduled service being conducted by James Purser. The True Light Church does not now and never has had an office of head elder, and Braswell has no lawful position of authority in the Shiloh Church.

Both parties sought a judicial determination of the lines of authority in the Shiloh Church and a temporary injunction restraining the other faction from interference in the operation of the church. On 2 March 1970, following a hearing on Braswell's motion for a temporary injunction, the district court found facts in favor of Purser and entered an order denying Braswell's motion. On 13 March 1970 following a hearing, the district court found as a fact that Braswell is not "Bishop" or "Head Bishop" and is without authority to rule the Shiloh Church, and entered an order that Braswell and those acting in concert with him be enjoined from directly or indirectly interfering with worship services at Shiloh Church.

On 29 November 1971 Braswell's attorney, James Caldwell, was permitted to withdraw as counsel, and Braswell at his request was allowed to represent himself and his supporters. By agreement the cases were consolidated for trial on the merits. At trial Braswell and Purser each offered evidence in support of his position. In addition to the testimony of several witnesses, two documents, "Articles of Faith of the Truelight Church of Christ" and "Minutes of the 1920-1924 Conferences of the Truelight Church of Christ," were introduced into evidence. The "Articles of Faith" contained no reference to church government. The "Minutes of the 1920-1924 Conferences of the Truelight Church of Christ" did, however, make the following statement about church government and organization:

> "The government of the True Light Church is congregational ruled by a two-third majority in matters of discipline for example, when a member commits an act, sufficient to be brought before the church for trial it is the duty of the Elder, of that particular society where the deed is committed to notify his organization when said member is to have a hearing, after this notice is given two thirds of those present in said trial with the Elder has authority to retain the member in the church or discard said member from the fellowship of the church. . . . And further we would say when a community of True Lights increase to a sufficient number to justify it, they should organize by appointing one of their influential members of good re-

port as Elder, to look after the spiritual welfare of that particular society."

The minutes reveal that a chairman for the Conference was elected at the 1920, 1921, and 1922 meetings; and that at the 1923 meeting J. D. Reynolds and R. H. Reynolds were elected "to serve permanently as chairman and clerk respectively." No reference was made to the election of a head elder or head bishop, and no minutes of any Conference after that of 1923 were introduced.

It was stipulated between the parties that "the property of the Shiloh True Light Church of Christ was conveyed by M. L. Mullis and wife, Annie P. Mullis, J. D. Mullis, R. D. Huntley and wife, Nancy Huntley, to the deacons of Shiloh Church known as True Light Church, W. E. Pinyon, R. D. Huntley, M. L. Huntley, deacons of said church and their successors in office to be held by them for and on behalf of the church and its membership, said deed being dated January 16, 1906."

Issues were submitted to and answered by the jury as follows:

"1. Is the Truelight Church of Christ a connectional church governed by a Chief Elder, Chief Bishop or by a person referred to as Head of the Truelight Church of Christ?

ANSWER: No.

"2. If so, was Herman Flake Braswell duly elected as Chief Elder, Chief Bishop or Head of the Church at a duly called and constituted conference of the Truelight Church of Christ on December 26, 1969?

ANSWER: _____

"3. If so, does Herman Flake Braswell, as such Chief Elder, Chief Bishop or Head of the Church, have authority to appoint Elders of the separate societies, including the Shiloh Truelight Church of Christ?

ANSWER: _____

"4. Is the Truelight Church of Christ a congregationally governed church?

ANSWER: Yes.

"5. If so, was James Rommie Purser duly elected as Elder of the Shiloh Truelight Church of Christ by the congregation thereof on December 28, 1969, or on January 14, 1970?

ANSWER: Yes."

Based upon the answers to these issues, judgment was entered that the True Light Church is a congregationally governed church, that Purser is the duly elected elder of the Shiloh Church and that Braswell and those in concert with him be permanently enjoined from interfering with the operation of the Shiloh Church. Braswell and his supporters appealed. The Court of Appeals in an opinion by Judge Britt, concurred in by Judge Campbell, affirmed Judge Stukes' judgment. 16 N. C. App. 14, 190 S.E. 2d 857 (1972). Chief Judge Mallard dissented, and Braswell and his supporters appealed to this Court as a matter of right under G.S. 7A-30(2).

*James J. Caldwell for plaintiff appellants and defendant appellants Braswell et al.*

*Bailey & Davis by Douglas A. Brackett for defendant appellees and plaintiff appellees Purser et al.*

MOORE, Justice.

[1]  The courts of the State have no jurisdiction over and no concern with purely ecclesiastical questions and controversies. There is a constitutional guarantee of freedom of religious profession and worship, as well as an equally firmly established principle of separation of church and state. However, the courts do have jurisdiction as to civic, contract and property rights which are involved in or arise from a church controversy, including the right to determine the type organization of a particular church. *Reid v. Johnston,* 241 N.C. 201, 85 S.E. 2d 114 (1954), and cases therein cited. See also *Conference v. Creech* and *Teasley v. Creech and Miles,* 256 N.C. 128, 123 S.E. 2d 619 (1961); *Simmons v. Allison,* 118 N.C. 763, 24 S.E. 716 (1896).

The present cases are proceedings invoking the equity jurisdiction of the court to restrain interference by the opposing parties with official church duties. At issue is whether Shiloh Church must accept as elder an appointee of Braswell or retain Purser who was elected by its membership. The de-

cisive question for determination is whether the Shiloh True
Light Church is subject to congregational or connectional form
of ecclesiastical government. Braswell contends that it is con-
nectional, and that he was elected head elder by the Conference
of the True Light Churches of Christ and as such had the right
to appoint Clyde M. Huntley as elder of the Shiloh Church. Pur-
ser contends that there is no Conference since Shiloh is now the
only active True Light Church of Christ. He further contends
that Shiloh is and always has been a congregational church and
as such had the authority to elect Purser as its elder.

[2]  Concerning the difference between those churches whose
organization is connectional and those congregational, Chief
Justice Clark in *Conference v. Allen,* 156 N.C. 524, 72 S.E. 617
(1911), stated:

> "In *Simmons v. Allison,* 118 N.C. 770, we had occasion
> to call attention to the distinction between those churches
> whose organization is connectional, such as the Protestant
> Episcopal, the various Methodist churches, the Presby-
> terian, the Roman Catholic, and others which are governed
> by large bodies, such as dioceses, conferences, and synods
> and the like, in which the individual congregations bear the
> same relation to the governing body as counties bear to the
> State, and, on the other hand, the congregational system
> which is in use among the Baptists, the Congregational, and
> the Christian and other denominations. In these latter, the
> individual congregation is each an independent republic,
> governed by the majority of its members and subject to
> control or supervision by no higher authority. . . . The
> churches of the congregational system often combine into
> associations, conferences, and general conventions. But un-
> like such organizations under the connectional system, these
> bodies under the congregational system are purely volun-
> tary associations for the purpose of joining their efforts
> for missions and similar work, but having no supervision,
> control, or governmental authority of any kind whatsoever
> over the individual congregations, which are absolutely in-
> dependent of each other."

[3]  In the instant case, upon conflicting evidence, the jury
found that the Shiloh Church was congregational in its church
polity. The verdict of the jury upon conflicting evidence is con-
clusive, the jurisdiction of the Supreme Court being limited to

matters of law and legal inference. *Jones v. Horton,* 264 N.C. 549, 142 S.E. 2d .351 (1965) ; *Lucas v. Britt,* 264 N.C. 601, 142 S.E. 2d 129 (1965) ; *Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644 (1954).

The appellant Braswell should not now complain of the jury's verdict since the 1920-24 Conference Minutes of the True Light Church of Christ, introduced by him, state: "The government of the True Light Church is congregational ruled by a two-third majority. . . ." As a congregational church Shiloh had the authority to select its own elder or minister. The jury on substantial evidence found that it had done so by electing Purser.

[4]    Assuming *arguendo* that Shiloh Church once belonged to a Conference composed of other local True Light Churches, as a congregational church the Conference or association had no authority to appoint an elder or to overrule the local church in its selection of Purser as its elder. *Reid v. Johnston, supra; Windley v. McCliney,* 161 N.C. 318, 77 S.E. 226 (1913) ; *Conference v. Allen, supra.*

Appellants bring forward numerous assignments of error relating to the trial judge's instructions to the jury. These assignments were each dealt with separately by Judge Britt in a thorough and well-reasoned opinion in the Court of Appeals and were found to be without merit. This Court has considered each assignment of error and finds that Judge Britt's disposition of each was correct. It would serve no useful purpose to again discuss each assignment specifically. The instructions of the trial judge were complete, free from prejudical error, and correctly applied the law to the facts of the case in such a manner as to leave no reasonable cause to believe the jury was mislead or misinformed.

Other assignments of error properly brought forward have been carefully considered and found to be equally without merit.

In the present case the record overwhelmingly supports the rights of the appellee Purser and his followers. The parties should now heed the advice given by Justice Parker (later Chief Justice) in *Reid v. Johnston, supra:*

"  . . . The heat of conflict is over and the time has come . . . for the exercise of the Christian graces of re-

conciliation, forbearance, brotherly love and unity, according to the admonition given by the Apostle Paul to the Church at Corinth."

Since no prejudicial error appears, the decision of the Court of Appeals is affirmed.

Affirmed.