ATLANTIC INSURANCE & REALTY COMPANY v. IDA MAE DAVIDSON

No. 563A86

(Filed 7 July 1987)

1. **Appeal and Error § 19— appeal from magistrate to district court—may appeal as pauper**

A party may petition to proceed in forma pauperis in the trial de novo of cases appealed to the district court judge from judgments of a magistrate in small claims actions. N.C.G.S. § 7A-305. N.C. Constitution Art. I, Secs. 18 and 19.

2. **Appeal and Error § 19— appeal as pauper denied based on home ownership— error**

The district court erred in denying defendant's petition to proceed in forma pauperis by failing to make adequate findings of fact and conclusions of law to support the order; the finding that defendant owned a home valued at $27,150 and other unencumbered property was not alone sufficient to sustain the order when coupled with the abundance of evidence as to defendant's age, health, income, living expenses, inability to work or borrow, indebtedness, and the unreasonableness of selling her house.

Justices WEBB and WHICHARD did not participate in the consideration or decision of this case.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, reported in 82 N.C. App. 251, 346 S.E. 2d 218 (1986), which affirmed the order of *Bencini, J.,* filed 11 October 1985 in District Court, GUILFORD County, denying defendant's petition to appeal in forma pauperis from a magistrate's judgment to the district court. Heard in the Supreme Court 14 May 1987.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for defendant-appellant.*

*No counsel contra.*

MARTIN, Justice.

The issue on this appeal is whether the trial judge properly denied defendant's petition to proceed in forma pauperis in the district court upon trial de novo of the claim resolved against her before a magistrate in the small claims court. We conclude that the trial judge erred, and we therefore reverse the decision of the Court of Appeals.

This case was instituted in the small claims court of the district court of the Eighteenth Judicial District. Judgment was entered against the defendant by the magistrate presiding in the district court small claims court. Thereupon, defendant was entitled to a trial de novo before a district court judge and, if requested, a jury. The procedural method of securing the trial de novo is by giving notice of appeal. N.C.G.S. § 7A-228 (1986).

On 10 October 1985 defendant petitioned to proceed as a pauper at the trial de novo. She filed an affidavit of indigency on the same date. This affidavit disclosed that defendant was unemployed; that she was receiving Social Security benefits of $340 per month as her sole income; that she owned a $50 black-and-white television and furniture worth $200 but did not own a motor vehicle; and that she had $10 cash and debts amounting to $300. The affidavit also disclosed that defendant owned her home valued at $27,150.

At 8:23 a.m. on 12 October 1985, defendant filed an additional affidavit showing that there was no mortgage or lien on her home, which had been given to her by her daughter. Mrs. Davidson was then sixty-five years old and unable to work because of high blood pressure, a heart condition, and other ailments. She lived alone and her total monthly income was $340 Social Security benefits. Her monthly expenses were: food, $150; water and electricity (including heat), $100; phone, $20; cab fare to doctor (as she was unable to walk to bus stop), $30; repairs to house, $20; real estate taxes, $22; and clothing, $20; totaling $362. Each month she ran out of money about the 20th and had to survive on crackers,

bread, and beans until the next check was received. She had no way to borrow the $31 costs of court.

On 11 October 1985, the trial judge entered an order denying defendant's petition to appear as a pauper, finding "[d]efendant owns a home worth $27,150.00 or more and has personal property that is unincumbered."

[1] The threshold issue before us is whether a litigant can appear as a pauper upon a trial de novo upon appeal from a judgment by a magistrate of the district court. The giving of notice of appeal is the procedural method of transferring the small claims action to the district court civil issue docket for trial de novo. N.C.G.S. § 7A-229 (1986).

We find the controlling statute on this issue to be N.C.G.S. § 7A-305. This statute provides in pertinent part:

(a) In every civil action in the superior or district court the following costs shall be assessed:

. . . .

(b) On appeal, costs are cumulative, and when cases heard before a magistrate are appealed to the district court, the General Court of Justice fee and the facilities fee applicable in the district court shall be added to the fees assessed before the magistrate. . . .

. . . .

(c) The clerk of superior court, at the time of the filing of the papers initiating the action *or the appeal*, shall collect as advance court costs, the facilities fee and General Court of Justice fee, except in suits in forma pauperis.

(Emphasis added.) Subsection (c) clearly permits suits in forma pauperis on appeal. To construe the statute otherwise would be constitutionally suspect, *see* N.C. Const. art. I, §§ 18, 19, thwart the intent of the legislature, and render an injustice to the people of our state who frequently utilize the services of the district court division for the resolution of disputes. We hold that a party, plaintiff or defendant, may petition to appear in forma pauperis in the trial de novo of cases appealed to the district court judge from judgments of a magistrate in small claims actions.

[2] Turning now to the propriety of the order of the district court judge denying defendant's petition, we hold that the judge, upon an apparent misapprehension of the law, failed to make adequate findings of fact and conclusions of law to support the order. *See Edmonds v. Hall*, 236 N.C. 153, 72 S.E. 2d 221 (1952). The finding that defendant owned a home valued at $27,150 and other unencumbered personal property is not sufficient to sustain the order when considered with the abundance of evidence as to defendant's age, health, income, living expenses, inability to work or borrow, indebtedness, and unreasonableness of selling her house.

The trial judge's reliance solely upon defendant's ownership of a modest home was a misapprehension of the law. All of the relevant circumstances of defendant must be considered in making this decision. Reliance solely upon home ownership has been held to be error. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 93 L.Ed. 43 (1948) ($3,450 home); *United States v. Cohen*, 419 F. 2d 1124 (8th Cir. 1969) (1,520 acres); *Loy v. State*, 74 So. 2d 650 (Fla. 1954) ($1,900 encumbered house); *Benjamin v. National Super Markets, Inc.*, 351 So. 2d 138 (La. 1977), *writ denied*, 366 So. 2d 561 (1979) ($27,500 encumbered house); *Jolivette v. Jolivette*, 386 So. 2d 707 (La. App. 1980) (one-fifth interest — $15,000 house). Likewise, requiring one to mortgage or sell his home to obtain court costs is generally unreasonable and counterproductive. *Benjamin*, 351 So. 2d at 141.

It is not required that a litigant deprive himself of the daily necessities of life to qualify to appear in forma pauperis. *See Boddie v. Connecticut*, 401 U.S. 371, 28 L.Ed. 2d 113 (1971). The courts of North Carolina are not going to require a litigant to become absolutely destitute before being granted permission to appear as a pauper. Such would destroy the dignity of our people. The trial judge erred in entering the order denying defendant's petition to appear in forma pauperis.

The decision of the Court of Appeals is reversed, and this cause is remanded to that court for further remand to the District Court, Guilford County, for the entry of an order not inconsistent with this opinion.

Reversed and remanded.

Justices WEBB and WHICHARD did not participate in the consideration or decision of this case.